347 So.2d 1021 (1977)
Jesus FRESNEDA, Appellant,
v.
STATE of Florida, Appellee.
No. 48963.
Supreme Court of Florida.
April 21, 1977.
Rehearing Denied July 13, 1977.
Bennett H. Brummer, Public Defender, and Linnea R. Snyder, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
HATCHETT, Justice.
This is an appeal from an order of probation. The prosecution arose out of an automobile accident on July 28, 1974. When a Cadillac stopped abruptly, a Volkswagen skidded into it. The appellant's car then hit the Volkswagen from behind; instead of stopping to offer assistance, the appellant backed up and drove off. He was subsequently apprehended and charged with leaving the scene of an accident resulting in injury to another person, in violation of Section 316.062, Florida Statutes (1975). The trial court concluded that appellant was guilty of the offense, but withheld adjudication of guilt and placed appellant on probation, with the condition that he pay the Parole and Probation Commission in excess of $1,600.00, for the benefit of the occupants of the Volkswagen, who were injured in the accident. The defense challenged the propriety of setting a sum for restitution without "a hearing and opportunity to be fully heard as to the amount." In disposing of the motion to correct illegal sentence, the trial court passed on the constitutionality of Section 948.03, Florida Statutes (1975). Accordingly, we have jurisdiction. Article V, Section 3(b)(1), Florida Constitution.
The trial court included the restitution condition in the order of probation, citing Section 948.03(1)(g), Florida Statutes (1975). This subsection authorizes conditioning probation on the probationer's making "reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court." (emphasis supplied). Both appellant and appellee concur, however, *1022 in the view "that said condition of probation is not authorized by this subsection of the statute." We are likewise persuaded that Section 948.03(1)(g), Florida Statutes (1975), does not authorize the restitution condition imposed in this case. See People v. Becker, 349 Mich. 476, 84 N.W.2d 833 (1957); State v. Barnett, 110 Vt. 221, 3 A.2d 521 (1939). Appellant's offense was leaving the scene of the accident, not causing it. The record does not establish what injury was caused by the collision between appellant's car and the Volkswagen, as opposed to injury caused by the earlier collision between the Volkswagen and the Cadillac. There is no basis in the record for distinguishing between injuries sustained in either of the collisions from aggravation of those injuries attributable to such delay, if any, in securing medical attention as the appellant may have caused.
The State argues that the language of Section 948.03(2), Florida Statutes (1975), supplies the authorization for the restitution condition, which is lacking in subsection one. Subsection two provides:
The enumeration of specific kinds of terms and conditions shall not prevent the court from adding thereto such other or others as it considers proper....
Although, in general, we believe this language should be liberally construed, we glean no legislative intent to authorize trial courts to require probationers to pay over random sums of money. Of course, the figure in the present case presumably bears some relationship to the accident out of which the prosecution arose, but it is not clear what the relationship to appellant's offense is.
We hold that a condition of probation requiring a probationer to pay money to, and for the benefit of, the victim of his crime cannot require payment in excess of the amount of damage the criminal conduct caused the victim. Before ordering a restitution as a condition of probation, the trial judge should give the defendant notice of the proposed restitution order and allow the defendant the opportunity to be heard as to the amount of damage or loss "caused by his offense." The defendant's right to be heard, we believe, is part of the process through which the "amount [is] to be determined by the court" under the statute.
Inasmuch as the State concedes that "the damage or loss incurred by the aggrieved parties was caused by the auto accident itself, not by the defendant's criminal offense of leaving the scene of the accident," there would be no point in conducting a hearing on remand, in the present case.
Accordingly, we find Section 948.03, Florida Statutes (1975), constitutional; we reverse the order appealed and remand the case for resentencing.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and DREW (Retired), JJ., concur.