359 So.2d 45 (1978)
James W. DiORIO, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1693.
District Court of Appeal of Florida, Second District.
June 2, 1978.
Robert E. Jagger, Public Defender, and Daniel D. Eckert, Asst. Public Defender, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Defendant challenges his order of probation in two respects: first, the term of the probation, which is in excess of the maximum permissible sentence for the crime; and second, the imposition of a restitution condition of the probation. We agree with appellant's position in both respects and remand for resentencing.
Appellant's car struck and injured an elderly lady who was crossing a street in St. Petersburg. Appellant fled, and was charged with leaving the scene of an accident which resulted in injury, a felony punishable by imprisonment for not more than one year.[1] Section 316.027, Florida Statutes (1977).
Appellant entered a plea of nolo contendere. He was adjudicated guilty and sentenced to a term of one year in the Pinellas County jail. That sentence was suspended and appellant was placed on probation for two years. One of the conditions of probation was that appellant make restitution to the victim of the accident in the amount of $1,000 over and above any and all monies *46 paid by any insurance company. Appellant was given no notice that a restitution condition would be imposed, and no opportunity to be heard with respect to that condition of his probation. When the condition was imposed, appellant made no objection.
On this appeal, the state concedes that appellant is correct in his argument that the period of probation could be no more than one year, since the maximum permissible sentence for the crime is only one year. Watts v. State, 328 So.2d 223 (Fla. 2d DCA 1976). We note that the purpose of the trial judge in imposing a probationary period of two years was to give appellant that much time to meet the terms of the restitution condition, since the trial judge felt that requiring a payment of $1,000 within the space of one year would work a hardship on appellant. Though that purpose is laudable, we nevertheless must hold that the period of probation was excessive by one year.
In any event, however, the restitution condition itself is improper under the holding of the Florida Supreme Court in Fresneda v. State, 347 So.2d 1021 (Fla. 1977). In that case, the court established a two part rule for the imposition of a condition of probation requiring the probationer to pay money to or for the benefit of the victim of his crime. First, the condition must not require payment in excess of the amount of damage the criminal conduct caused the victim. Second, before ordering restitution as a condition of probation, the trial judge should give the defendant notice of the proposed restitution order and allow the defendant the opportunity to be heard as to the amount of damage or loss caused by his offense. Section 948.03(1)(g), Florida Statutes (1977).
Clearly, the procedure specified in Fresneda was not followed in the instant case. Furthermore, the state has conceded on this appeal that the offense with which appellant was charged (leaving the scene of the accident) did not result in or have any relationship to any damage or injury to the victim. Accordingly, no restitution condition could be imposed in this case regardless of the procedure followed.
Appellant suggests that this court modify the order under review by reducing the term of probation to one year and striking the restitution condition, and affirm as so modified. We decline to perform that excision on a sentence which was devised by the trial judge as a whole and should stand or fall as a whole. We choose to return this case for resentencing.
The state has raised the further point that appellant's silence at the time of sentencing constituted a waiver of any objection to the conditions of probation. We think not. Appellant's right to appeal an order of probation is granted by Section 924.06, Florida Statutes (1977). We hold that his right of appeal is not contingent upon the registering of objections at the time probation is granted. Coulson v. State, 342 So.2d 1042 (Fla. 4th DCA 1977).
Reversed and remanded for resentencing.
HOBSON, Acting C.J., and GRIMES, J., concur.
NOTES
[1] Appellant was not charged with any offense in connection with the accident itself.