364 So.2d 828 (1978)
Jose B. LATTI a/k/a Joe Bujan, Appellant,
v.
STATE of Florida, Appellee.
No. 78-86.
District Court of Appeal of Florida, Second District.
November 22, 1978.
*829 Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant contends that the trial court's instruction on the crime of grand larceny by false pretenses was inadequate. We agree.
The state charged appellant with grand larceny by false pretenses and at trial presented evidence to show that appellant had received several thousand dollars from Will Cagle, a race car driver, in return for his promise that Cagle would receive a $30,000 racing contract from Tandy Corporation. Appellant did not deliver the contract and, according to the state's witnesses, never had any agreement with Tandy concerning a sponsorship for Cagle. Appellant testified in his own behalf, denying that he ever accepted money from Cagle in return for a promise to secure a sponsorship.
Appellant requested the following instruction on grand larceny by false pretenses:
The essential elements of crime of larceny by color or aid of fraudulent or false representation or pretense which must be proved beyond a reasonable doubt before there can be a conviction in this case are that JOSEPH BUJAN did:
1. falsely represent a past or existing fact.
2. have knowledge of its falsity.
3. intend to defraud.
4. have a preconceived purpose to appropriate the money or property.
5. actually appropriate the money or property to his own use. and that WILL CAGLE:
6. relied on the misstatement by JOSEPH BUJAN.
7. surrendered property or money because of the representation of JOSEPH BUJAN.
The court denied appellant's request and instead gave this instruction:
The essential elements of the crime of larceny which must be proved beyond a reasonable doubt before there can be a conviction in this case are:

*830 1. The defendant did unlawfully and knowingly obtain from the possession and control of Will Cagle the sum of more than one hundred dollars.
2. That such possession was obtained from Will Cagle by color or aid of fraudulent or false representations or pretenses with reference to a past or existing fact.
3. At the time of obtaining possession of any such cash from the said Will Cagel the said defendant had an intent to permanently deprive said Will Cagle of the use of his property.
An essential element of every larceny is the intent of the offender to personally deprive the owner of the possession, use and enjoyment of his property and to convert that property to the use and enjoyment of some other person.
Recently in Koltay v. State, 360 So.2d 802 (Fla. 2d DCA 1978), this court held that in a case involving grand larceny by false pretenses the trial court must instruct the jury on the essential elements of the crime of false pretenses. These elements are 1) false representation of a past or existing fact, 2) knowledge of its falsity, 3) intent to defraud, 4) reliance on the misstatement by the other party, and 5) surrender by the other party of property because of the representation.
In the present case, a reading of the instructions we have set out above clearly shows that while appellant's instruction contained the five elements of false pretenses, the trial court's instruction did not. Consequently, we think that the court erred in refusing appellant's instruction and in giving its own inadequate one.
There is one other point we should note. The trial court placed appellant on probation and as one of the conditions thereof ordered appellant to make restitution to Will Cagle. While a court may properly make restitution a condition of probation, it may not do so unless it gives the defendant notice of the proposed restitution order and an opportunity to be heard. Fresneda v. State, 347 So.2d 1021 (Fla. 1977). Here, the court did not meet the notice and hearing requirement, and so the imposition of the restitution condition was error.
We reverse the order placing appellant on probation and remand the case for a new trial.
HOBSON, Acting C.J., SCHEB and DANAHY, JJ., concur.