372 So.2d 1016 (1979)
Jerry REEVES, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1430.
District Court of Appeal of Florida, Second District.
July 13, 1979.
Jack O. Johnson, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
In this appeal we hold that the trial court's imposition of restitution as a condition of probation was improper since there was no prior notice to the defendant, thus denying him an opportunity to be heard on that issue.
After the defendant, Jerry Reeves, was convicted of two counts of grand larceny of cattle, the trial court placed him on probation for five years and ordered him to serve six months in the county jail. Additionally, the court ordered Reeves to make restitution of $5,000.
Neither the state nor trial court notified Reeves of any proposed restitution; rather, the matter was included at the state's suggestion at the conclusion of the sentencing hearing. Reeves protested. Since there was no notice to the defendant, the order requiring restitution was improper. Fresneda v. State, 347 So.2d 1021 (Fla. 1977); Latti v. State, 364 So.2d 828 (Fla.2d DCA 1978).
Section 948.03(1)(g), Florida Statutes (1977), expressly provides that restitution may be made a condition of probation.[1] In imposing restitution, however, a court is required to consider a defendant's financial resources and the burden that payment will impose upon him. Section 775.089, Florida Statutes (1977). In this case Reeves was understandably not prepared to face the issue of restitution. His counsel protested, contending that Reeves was indigent and unable to make restitution. The trial court's determination to proceed without notice and over defendant's objection deprived Reeves of full consideration by the court of the factors contemplated by Section 775.089.
*1017 We have examined the other points urged by defendant and find them to be without merit.
Accordingly, we affirm the judgment of conviction and amend the order of probation by striking the requirement of restitution. Otherwise, the order of probation is affirmed. We remand to the trial court which may, upon adequate notice to Reeves, reconsider the question of whether restitution should be imposed as a condition of his probation.
BOARDMAN, Acting C.J., and OTT, J., concur.
NOTES
[1] Restitution serves a two-fold purpose in the criminal justice system: it aids the victim and forces the offender to consider the injury he has caused the victim as well as the state. See L.H. DeWolf, Crime and Justice in America 191-95 (1975).