OTT, Judge.
A jury found appellant guilty of welfare fraud. At the sentencing hearing the trial judge imposed restitution as one of the conditions of probation. We find that restitution was imposed in violation of the notice and opportunity to be heard requirements of Fresneda v. State, 347 So.2d 1021 (Fla.1977) and this court’s decisions in DiOrio v. State, 359 So.2d 45 (Fla. 2d DCA 1978) and Latti v. State, 364 So.2d 828 (Fla. 2d DCA 1978). See, also Kroenke v. State, 366 So.2d 46 (Fla. 2d DCA 1979).
*1154 We hold that in the absence of record consent, waiver or estoppel the trial judge should afford the parties reasonable notice and opportunity to be heard on the imposition of restitution as a condition of probation. Evidence may very well be appropriate as to whether or not it is a proper condition (such as whether there was financial loss “caused by the offense”), the amount of the loss and the financial ability of the offender.
In the present case the fact of financial loss was established by the jury verdict. However, the testimony at the trial as to the amount of the resulting welfare overpayment ranged from $237.00 to I578.00.[1] Appellant was entitled to an opportunity to be heard on the subject.
The judgment of conviction is affirmed but the sentence is set aside and the case remanded for resentencing consistent with this opinion.
GRIMES, C. J., and STRICKLAND, J. TIM, Associate Judge, concur.

. The judge’s condition required restitution in the amount of $598.00; the maximum of $578.00 testified to at trial plus a $20.00 medicare overpayment.