PER CURIAM.
This is an appeal from an order of probation. Appellant contends that the trial court’s imposition of restitution as a condition of probation was improper because he was not given prior notice of the proposed restitution order and was not accorded the opportunity to be heard as to the amount of damage caused by his criminal conduct. We agree.
Appellant was given no notice that a restitution condition would be imposed. Rather, the condition was proposed for the first time at appellant’s sentencing hearing. Under these circumstances the order requiring restitution was improper. Fresneda v. State, 347 So.2d 1021 (Fla.1977); Reeves v. State, 372 So.2d 1016 (Fla. 2d DCA 1979).
Further, appellant must be afforded a hearing to establish that the offense with which he was charged has a relationship to the damage to the victim and to establish the amount of damages or loss caused by his offense. § 948.03(l)(g), Fla.Stat. (1977); Fresneda v. State, supra.
We have examined the other points urged by appellant and find them to be without merit.
Accordingly, we affirm the judgment of the trial court, but we strike the restitution provision from the probation order and remand for a hearing on the question of restitution.
GRIMES, C. J., and BOARDMAN and DANAHY, JJ., concur.