PER CURIAM.
This is an appeal from a verdict of guilty of attempt to commit aggravated battery. Appellant was sentenced to two years probation conditioned upon payment of restitution in the amount of $1,039.00 to the victim. The sole issue on appeal is the contention that the trial judge erred in ordering appellant to pay restitution without affording him an opportunity to be heard as to the amount of damages caused by his offense. Appellant asserts that the damages were $994.00, rather than $1,039.00 as ordered by the judge.
A review of the record reveals that this appeal is without merit. The trial judge delayed sentencing in order to determine the amount of damages at a subsequent hearing. The prosecuting attorney produced the victim of the offense, who presented receipts for $994.00 covering his medical expenses. The State Attorney explained to the court that the victim had an expense of $45.00 for which he had no receipt, but was prepared to testify concerning this expenditure. Appellant’s counsel, after examining the receipts produced, admitted the reasonableness of the sum of $994.00. The trial judge stated, rather firmly, that probation would be conditioned upon payment of the full amount of damages, on a “take it or leave it” basis. Both appellant and his attorney subsequently agreed to the higher figure without further argument or objection. We hold that the hearing below complied with the requirements of Fresneda v. State, 347 So.2d 1021 (Fla.1977).
Without any intention to offend counsel, we feel compelled to observe that this appeal is frivolous.[1] The court is cognizant of the fact that parties have the right to and should pursue meritorious appeals, and it is entirely understandable that opinions on *779 what is meritorious will never be unanimous. We acknowledge also that seemingly insignificant cases may often involve important legal issues that warrant the full attention of counsel and the courts. This case involves no new or novel issues, and even if the point presented could by any stretch of the imagination be considered significant, which we do not, on the record before us we are persuaded that the point was not properly preserved for appellate review.
Accordingly, the judgment and sentence are affirmed.
McCORD, LARRY G. SMITH and WENTWORTH, JJ., concur.

. The amount in dispute is $45.00. We note that trial counsel filed a statement of judicial acts to bé reviewed requiring preparation of a transcript of the entire trial and sentencing *779 proceedings. At a cost approaching $2.00 per page, transcript costs alone would exceed $700.00. We note also that trial counsel asserted no error in the sentencing proceeding.