400 So.2d 791 (1981)
Victor Lee GOODSON, Appellant,
v.
STATE of Florida, Appellee.
No. 81-39.
District Court of Appeal of Florida, Second District.
June 10, 1981.
Rehearing Denied July 14, 1981.
*792 Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Chief Judge.
Appellant challenges the trial court's imposition of restitution as a condition of his probation.
Appellant, Victor Lee Goodson, entered a negotiated plea of nolo contendere to a charge of trafficking in stolen property. The plea bargain called for dismissal of a pending charge of grand theft and provided that Goodson be placed on probation for two years with a stipulation that he serve six months incarceration in a work release program. The trial court accepted Goodson's plea on the basis outlined. The court, however, added a requirement that Goodson make restitution of $62.50 to his victim. Neither Goodson nor his counsel objected.
Goodson now appeals, citing Fresneda v. State, 347 So.2d 1021 (Fla. 1977), for the proposition that a trial court must furnish a defendant prior notice before imposing restitution as a condition of probation. We disagree.
In Fresneda the supreme court held that the trial court was not authorized to impose as a condition of probation a requirement that the defendant pay money to the victim of his crime in excess of the amount of damage the defendant caused to the victim. The court added that "... the trial judge should give the defendant notice of the proposed restitution order and allow the defendant the opportunity to be heard as to the amount of damages or loss caused by his offense." Id. at 1022.
We do not read Fresneda as holding that prior notice is the only acceptable way to protect the defendant's right to a meaningful opportunity to be heard. Prior notice to the defendant is one acceptable method, but to make it the only approved method could have the effect of diminishing the likelihood that a trial judge may be persuaded at the sentencing hearing to place a defendant on probation with the condition that he make restitution.
*793 The important objective of notice is to afford a defendant a meaningful opportunity to be heard before being required to pay money to the victim of his offense. In many cases a defendant will have no objection to restitution being imposed as one of the conditions of his probation. In these instances the court's failure to provide notice should not make the order of restitution subject to reversal. Where, however, a defendant has not been furnished prior notice, and he objects to the court requiring restitution as a condition of his probation, he must be given an opportunity to be heard. This, of course, carries with it a requirement that the defendant be given a reasonable time to prepare.
Accordingly, we hold that a trial judge may notify the defendant prior to the sentencing hearing that restitution is a possibility. If he does so, and affords the defendant an opportunity to be heard, this would be sufficient compliance with the requirements of Fresneda. If, on the other hand, a trial judge does not furnish the defendant notice prior to the sentencing hearing and the defendant objects or otherwise contests the order of restitution, the trial judge must suspend the hearing for a reasonable time and allow the defendant to be heard on issues relevant to restitution.
In this case, Goodson was not denied an opportunity to be heard. Rather, he chose to silently accept the court's resolution of the questions concerning the amount of restitution and his ability to pay that amount. Under these circumstances, the trial court's order of restitution will not be reversed merely because the trial court did not furnish advance notice that restitution may be imposed as a condition of probation.
To the extent that our decision may be inconsistent with statements made in Stokes v. State, 377 So.2d 766 (Fla. 2d DCA 1979); Kroenke v. State, 366 So.2d 46 (Fla. 2d DCA 1979); DiOrio v. State, 359 So.2d 45 (Fla. 2d DCA 1978); Latti v. State, 364 So.2d 828 (Fla. 2d DCA 1978), we recede from such statements.
Accordingly, we affirm the order placing the appellant on probation with the special condition that he make restitution.
GRIMES and CAMPBELL, JJ., concur.