405 So.2d 748 (1981)
Donald Duane FLETCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 81-398.
District Court of Appeal of Florida, Second District.
October 16, 1981.
Rehearing Denied November 16, 1981.
*749 Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and David T. Weisbrod, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Chief Judge.
Donald Duane Fletcher challenges the evidentiary basis of his conviction for aggravated assault. Additionally, he contends that the court erred in imposing a general sentence in respect to two other offenses and in requiring restitution as a condition of probation.
The state filed an information charging Fletcher with aggravated assault and with separate counts of leaving the scene of an accident and failing to give his name, address and vehicle registration number at an accident which resulted in injury. He pled not guilty to the assault count and nolo contendere to the other two charges. The jury found him guilty of aggravated assault, and the court sentenced him to five years imprisonment to be suspended after one year, followed by four years probation for that offense. In addition, the court imposed a general sentence of one year for the two offenses to which he pled nolo contendere. The sentences imposed were to run concurrently. The court also required Fletcher "to make restitution as determined by his probation supervisor."
We have examined the record and find no merit to appellant's contention that his conviction for aggravated assault was not supported by the evidence. We do, however, find that the court erred in respect to the sentence imposed. While it was not error to adjudicate Fletcher guilty of the two offenses to which he pled nolo contendere, State v. Moss, 206 So.2d 692 (Fla. 2d DCA 1968), he correctly points out that the court erred in imposing a general sentence on him for separate convictions of leaving the scene of an accident and for failure to give his name, address and vehicle registration number. Dorfman v. State, 351 So.2d 954 (Fla. 1977).
Moreover, the order requiring Fletcher "to make restitution as determined by his probation supervisor" is also improper in that it unlawfully delegates a judicial responsibility to a nonjudicial officer. Kroenke v. State, 366 So.2d 46 (Fla. 2d DCA 1978), cert. denied, 374 So.2d 99 (Fla. 1979); McClure v. State, 371 So.2d 196 (Fla. 2d DCA 1979). By delegating such authority to a probation officer, the court did not afford Fletcher an opportunity to be heard on the amount of damages caused by his criminal conduct and the reasonableness of the amount of restitution in light of his ability to pay. Fresneda v. State, 347 So.2d 1021 (Fla. 1977); Reeves v. State, 372 So.2d 1016 (Fla. 2d DCA 1979); Goodson v. State, 400 So.2d 791 (Fla. 2d DCA 1981).
We also note that since the trial court sentenced Fletcher, the Supreme Court of Florida has decided Villery v. State, 396 So.2d 1107 (Fla. 1980).[1]Villery holds that a probationer who has been placed on probation with a period of incarceration of one year or more is entitled, on application to the trial court, to have the sentence corrected. The court held that Villery applies retroactively and encompasses the so-called split sentence where incarceration is followed by a period of probation as well as where incarceration is made a condition of probation. Id., at 1111.
Accordingly, we affirm appellant's convictions. However, we vacate the general *750 sentence imposed by the court for leaving the scene of an accident and failing to furnish name, address, and vehicle registration number, as well as the requirement that Fletcher make restitution as determined by his probation officer. On remand the trial court shall impose a separate sentence for each of the two offenses to which appellant pled nolo contendere. Further, the trial court may consider imposing restitution consistent with the requirements outlined in this opinion. Finally, on remand the appellant may, at his option, make application to the trial court to conform his basic sentence to the requirements of Villery. The appellant shall be entitled to be present at the resentencing.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings.
HOBSON and OTT, JJ., concur.
NOTES
[1] For our comments on the application of the principles of Villery, see Lewis v. State, 402 So.2d 482 (Fla. 2d DCA 1981), and Coffey v. State, 403 So.2d 1152 (Fla. 2d DCA 1981).