407 So.2d 959 (1981)
Richard MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 80-671.
District Court of Appeal of Florida, Fourth District.
December 9, 1981.
Rehearing Denied January 13, 1982.
*960 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Mark Horn and Sharon Stedman, Asst. Attys. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant was convicted on five counts of violating Section 713.34, Florida Statutes (1979), and sentenced to six months incarceration followed by a total of fourteen and one-half years of probation. One of the conditions of probation was that restitution be made to the various victims of his defalcations, amounting to over $30,000. We have considered all of appellant's points on appeal and find no error demonstrated except as to the restitution provision of the order of probation.
Ordinarily a defendant is not required to object to conditions of probation in order to preserve them for appellate review. Coulson v. State, 342 So.2d 1042 (Fla. 4th DCA 1977). The right to appeal an order of probation is found in Section 924.06(2), Florida Statutes (1979), and in Florida Appellate Rule 9.140(b)(1)(B). It is noteworthy that none of the judicial acts which are appealable under the statute or the rule requires an objection in the trial court in order to preserve the right to appellate review.
Regardless of the general rule regarding objections to probation conditions, a condition requiring restitution is treated somewhat differently in that notice and an opportunity to be heard must be given a defendant before restitution can be mandated. Fresneda v. State, 347 So.2d 1021 (Fla. 1977). Following Fresneda the cases have consistently required such notice. However, recognizing that in many cases involving restitution there will be no controversy about the amount thereof and thus no compelling reason for notice, the Second District Court of Appeal has suggested a modified Fresneda rule, which we believe recognizes the practicalities of the situation and adequately protects the defendant. In Goodson v. State, 400 So.2d 791, 793 (Fla. 2d DCA 1981), that court stated:
The important objective of notice is to afford a defendant a meaningful opportunity to be heard before being required to pay money to the victim of his offense. In many cases a defendant will have no objection to restitution being imposed as one of the conditions of his probation. In these instances the court's failure to provide notice should not make the order of restitution subject to reversal. Where, however, a defendant has not been furnished prior notice, and he objects to the court requiring restitution as a condition of his probation, he must be given an opportunity to be heard. This, of course, carries with it a requirement that the defendant be given a reasonable time to prepare.
Accordingly, we hold that a trial judge may notify the defendant prior to the sentencing hearing that restitution is a possibility. If he does so, and affords the defendant an opportunity to be heard, this would be sufficient compliance with the requirements of Fresneda. If, on the other hand, a trial judge does not furnish the defendant notice prior to the sentencing hearing and the defendant objects or otherwise contests the order of restitution, the trial judge must suspend the hearing for a reasonable time and allow *961 the defendant to be heard on issues relevant to restitution.
In this case, Goodson was not denied an opportunity to be heard. Rather, he chose to silently accept the court's resolution of the questions concerning the amount of restitution and his ability to pay that amount. Under these circumstances, the trial court's order of restitution will not be reversed merely because the trial court did not furnish advance notice that restitution may be imposed as a condition of probation.
We adopt that holding of the Second District but will apply the rule only prospectively to cases in which the order of probation is entered after the date of this decision.
In the present case no notice was given appellant and he contends on appeal that he does not know how the trial court arrived at the amount of restitution required. Accordingly, we believe the ends of justice would be best served by remanding the cause to the trial court so that court may afford appellant a hearing before it enters a condition relative to restitution.
AFFIRMED and remanded with directions.
HURLEY, J., concurs.
BERANEK, J., dissents, with opinion.
BERANEK, Judge, dissenting:
Although I certainly agree with adoption of the rules set out in Goodson v. State, 400 So.2d 791 (Fla. 2d DCA 1981), I see no reason not to apply the Goodson precedent in the instant case. Thus, although I agree with the majority, I would go further and conclude that resentencing was unnecessary. I thus respectfully dissent.