GLICKSTEIN, Judge.
This appeal involves six juveniles whose ages at the time of the incident were W.N., fifteen; S.T., eleven; F.B., L.F., E.J., and M.W., ten. They were charged in the juvenile division with criminal mischief for having broken windows belonging to the St. Lucie County School Board and trespassing *1207 onto Lincoln Park School property July 12, 1981. The prosecution nolle pressed the criminal mischief charge for each of the children on September 25, and all of them pled guilty to trespass, except W.N., who pled no contest, in October of 1981.
The court adjudicated each juvenile a delinquent, ordered that each be placed under community control until his nineteenth birthday, and that each make restitution— W.N. and S.T. in the amount of $3,500 and F.B., L.F., E.J., and M.W. in the amount of $5,575.59. The latter figure was the cost of correcting the damage done to the school, i.e., $3,244.36 for materials and $2,331.23 for labor.
The children filed a motion to correct disposition, citing Fresneda v. State, 347 So.2d 1021 (Fla.1977). The trial judge, however, felt that, because Fresneda dealt with an adult matter, it was distinguishable and he “[ijnherently ... [had] the power to order restitution.” Thus, he denied the motion as well as their individual petitions for modification. The children filed a timely notice of appeal and the trial court allowed consolidation of their eases.
Appellants’ reliance on Fresneda in the trial court and here is well-founded. In that case an adult was charged with “leaving the scene of an accident, not causing it.” Id. at 1022. The court held
that a condition of probation requiring a probationer to pay money to, and for the benefit of, the victim of his crime cannot require payment in excess of the amount of damage the criminal conduct caused the victim. Before ordering a restitution as a condition of probation, the trial judge should give the defendant notice of the proposed restitution order and allow the defendant the opportunity to be heard as to the amount of damage or loss “caused by his offense.” The defendant’s right to be heard, we believe, is part of the process through which the “amount [is] to be determined by the court” under the statute.
Inasmuch as the State concedes that “the damage or loss incurred by the aggrieved parties was caused by the auto accident itself, not by the defendant’s criminal offense of leaving the scene of the accident,” there would be no point in conducting a hearing on remand, in the present case.

Id.

Obviously the charge in Fresneda differs from the charge of trespass; but section 39.11(l)(g), Florida Statutes (1981), provides that the court, “[a]s part of the community control program to be implemented by the department, [may] order the child or parent to make restitution for the damage or loss caused by his offense in a reasonable amount or manner to be determined by the court.” (Emphasis supplied.) Thus, though the court has the power to order a delinquent child to make restitution, that order must have some relation to the offense charged. Id. See also DiOrio v. State, 359 So.2d 45 (Fla. 2d DCA 1978), wherein an adult’s sentence was reversed. The court in DiOrio said that payment could not be “in excess of the amount of damage the criminal conduct caused the victim” and that “the offense with which appellant was charged ... did not result in or have any relationship to any damage or injury to the victim,” thereby invalidating the restitution condition that had been imposed. Id. at 46 (emphasis original).
Appellee argues that, because the St. Lucie County School Board suffered $5,575.59 in damages while defendants were trespassing, some relationship exists between the offense charged and the restitution ordered. It attempts to distinguish Fresneda and DiOrio by saying that the criminal acts in those two cases occurred after the accidental damage, whereas the property here was damaged during the criminal act itself. That, however, is an unsupportable distinction because the offense nolle pressed in the present case, criminal mischief, is the charge that bore a direct relationship to the school board’s damage,[1] not the trespass to which the ehil- *1208 dren pled. As was said in DiOrio with regard to the lack of relationship between the offense charged and the damage or injury, “no restitution condition could be imposed in this case regardless of the procedure followed.” 359 So.2d at 46. We have no way of knowing why the prosecution elected to nolle prosse the criminal mischief charge and to accept the pleas to the charge of trespass. Once it elected to do so, however, it removed from the trial court’s hands the legal foundation for compelling restitution.[2] Accordingly, we reverse and remand.
DOWNEY and DELL, JJ., concur.

. Section 806.13(1), Florida Statutes (1981), Criminal Mischief, provides:
A person commits the offense of criminal mischief if he willfully and maliciously in *1208 jures or damages by any means any real or personal property belonging to another.
In contrast, section 810.08(1), Florida Statutes (1981), Trespass in structure or conveyance, provides:
Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or, having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, commits the offense of trespass in a structure of conveyance.
During one of the disposition hearings, the trial judge said:
However, that doesn’t disturb — that fact alone doesn’t disturb the Judge. What disturbs this Judge is the fact that the malicious mischief done at the school deprives other children of the right to an education. [Emphasis supplied.]
I find him delinquent, place him on probation, require restitution.
Thank you.
MR. BARNES: Judge, could I ask what grounds the restitution is being—
THE COURT: Because I’m the Judge.

. Because our basis for reversal is limited to the foregoing, we only observe the following with respect to the amounts of restitution which were ordered by the trial court:
First, appellee acknowledged in its brief that W.N. and S.T. “were inexplicably ordered to pay only $3,500,” and the other four juveniles were ordered to make restitution, jointly and severally, for the entire amount spent in replacing the school’s windows. Second, although we probably could correct the error perfunctorily, if each juvenile complied with the court’s order in its present form, the school board would make a profit of $23,726.77. The Florida Supreme Court in Fresneda and later the Second District Court of Appeal in DiOrio both implied that it was error to order a defendant to make restitution to a victim in excess of the damages his criminal conduct caused. Third, the record is clear as to the ages of the children and their families’ diminished economic status. Section 39.11(l)(a)(l), Florida Statutes (1981), in part, provides:
When restitution is ordered by the court, the amount of restitution shall not be greater than an amount the child and his parents could reasonably be expected to pay or make.
In addition, section 39.11(l)(g), Florida Statutes (1981), provides that the court:
As part of the community control program to be implemented by the department, [may] order the child or parent to make restitution for the damage or loss caused by his offense in a reasonable amount or manner to be determined by the court. The court may require the clerk of the circuit court to be the receiving and dispensing agent. In such case, the court shall order the child or parent to pay to the office of the clerk of the circuit court an amount not to exceed the actual cost incurred by the clerk as a result of receiving and dispensing restitution payments. The liability of a parent under this paragraph shall not exceed $2,500 for any one criminal episode. A finding by the court, after a hearing, that the parent has made diligent good faith efforts to prevent the child from engaging in delinquent acts shall absolve the parent of liability for restitution under this paragraph.
The parents, of course, were not ordered to pay anything in this case. Fourth, we do not have before us any question involving a civil cause of action on the part of the school board against appellants or their parents for damages allegedly caused by any tort.