BERANEK, Judge.
Appellant pled guilty to the charge of grand theft arising out of the theft of a motorcycle. The police observed appellant violating certain traffic laws while riding the stolen motorcycle. They attempted to stop him but he turned onto an interstate highway and a high-speed chase ensued. While attempting to elude police officers, appellant lost control of the motorcycle which was destroyed in the resulting accident.
The appellant eventually pled guilty to grand theft and was placed on probation and ordered to make restitution of $3,800. He raises numerous issues on appeal regarding the restitution. We have considered all of these arguments and conclude that they are without merit and thus affirm the trial court. In doing so, we comment on only one of appellant’s arguments.
Appellant contends that restitution was improper in this case. He argues that the statute in question, Section 948.03(l)(g), Florida Statutes (1979), limits restitution to “damage or loss caused by his offense.” Appellant argues that the destruction of *399 the motorcycle was the result of his careless driving and that since he was not charged or convicted of careless driving, he cannot be required to make restitution for the motorcycle. Appellant argues Fresneda v. State, 347 So.2d 1021 (Fla.1977), as supportive of this position. We conclude the argument is without merit and reject it as too narrow an application of the statute. In short, appellant stole the motorcycle and in our opinion had the option of returning it to the victim or paying for it. The fact that he destroyed it during the theft and while attempting to escape from the police is a sufficient legal connection pursuant to the statutes upon which to base an order of probation and restitution. Had defendant not stolen the motorcycle, he would not have had the ability to destroy it in an accident. We conclude that when property is destroyed while in the possession of a person who is in the act of stealing it, there is a sufficient connection to require restitution under the charge of theft in compliance with the restitution statute, Section 948.-03(l)(g), Florida Statutes (1979). The fact that some other offense such as careless driving might also have been charged should not be allowed to defeat the obvious intent of the statute.
The order appealed from is hereby affirmed.
AFFIRMED.
HERSEY and GLICKSTEIN, JJ., concur.