COWART, Judge.
Appellant, a minor, committed a battery on one Gerald Foland at a party on a beach. Foland, attempting to leave the area, got his vehicle stuck in the sand. While appellant chased Foland other persons in the group smashed the windshield, dented the doors and slashed the tires on Foland’s stuck vehicle. Charged with juvenile delinquency by virtue of battery and criminal mischief on the vehicle, appellant was convicted of the battery but not of the criminal mischief charge. As a condition of community control (probation) appellant was ordered to make restitution for the damages to the vehicle “under terms and conditions specified by H.R.S.” Appellant argues that the trial court erred as to the matter of restitution. We agree.
It was error for the juvenile judge to order that the amount and manner of restitution be determined and specified by H.R.S. Before restitution is ordered as a condition of probation (or community control) the trial judge should give the defendant notice and an opportunity to be heard both as to the appropriate amount of restitution to be made and as to the exact method and terms of payment. These matters must be adjudicated by the judge and cannot be delegated. See Fresneda v. State, 347 So.2d 1021 (Fla.1977); T.W. v. State, 395 So.2d 598 (Fla. 3d DCA 1981); E.Y. v. State, 390 So.2d 776 (Fla. 3d DCA 1980); Kroenke v. State, 366 So.2d 46 (Fla. 2d DCA 1979).
We do not agree that the trial judge may not order restitution in this case merely because he did not find appellant guilty of criminal mischief with respect to the damage to the vehicle. Appellant’s conduct in committing the battery and in chasing the victim may have directly or indirectly proximately caused or substantially contributed to the damage done to the vehicle. This was a matter for the trial judge to determine. We have held that conditions of probation are not limited to those having some relationship to the exact crime which resulted in the probation but are proper to achieve any of the lawful purposes of probation. Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA 1982), review denied 419 So.2d 1195 (Fla.1982). The principles of Bentley also apply to conditions of community control in juvenile cases.
Since the form of the condition of restitution in this case was improper, we reverse the sentence (disposition) and remand for resentencing (redisposition) anew in accordance with Bentley and this opinion.
REVERSED AND REMANDED FOR RECONSIDERATION OF DISPOSITION.
ORFINGER, C.J., and FRANK D. UP-CHURCH, Jr., J., concur.