455 So.2d 1143 (1984)
J.S.H., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 84-335.
District Court of Appeal of Florida, Second District.
September 19, 1984.
*1144 Jerry Hill, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
J.S.H., a child, appeals a final order placing him in a community control program for the charge of second degree grand theft and requiring him to pay the victim restitution for damages which the juvenile caused while committing the theft. We affirm.
The state filed a petition for delinquency accusing the juvenile of second degree grand theft. The trial court later withheld an adjudication of delinquency and placed him in a community control program.
Subsequently, the trial court held a hearing on the issue of restitution. The victim testified at the hearing that on a summer day in 1983 he was cruising along the Hillsborough River in Tampa in his 21-foot motorboat. Because a storm was approaching and the boat was running low on gas, he anchored the boat to a bridge. When he left the boat it was in perfect condition. Upon returning the next day, he observed a person inside the boat cutting wires and loosening screws. He then notified the police.
The victim testified further that, upon inspecting the boat, he saw that it had been damaged by the breaking of a large hole in the fiberglass bottom and by the cutting or loosening of wires to the motor. He said that a mechanic from the marina where he had later taken the boat for repairs had estimated that it would cost approximately $1,500 to restore the boat to its previous condition. During his inspection of the boat, the victim also noticed that several items of property, including a cooler, a fire extinguisher, a compass, a toolbox, an anchor, and parts of the carburetor, had been stolen. However, with the exception of an ammeter worth $50 to $70, all of the stolen property was eventually recovered.
At the conclusion of the hearing, the trial court determined the victim's total damages to be $1,500 for repairing the boat and $50 for replacing the stolen ammeter. Over the juvenile's counsel's objection that restitution was proper only for the stolen ammeter, but not for damages to the boat itself inasmuch as the juvenile had been charged only with the crime of grand theft, and not with the offense of criminal mischief,[1] the court, acting pursuant to section 39.11(1)(g), Florida Statutes (1983), ordered the juvenile to pay restitution in the amount of one-half of the total damages of $1,550.
The juvenile argues on appeal that he cannot be ordered to pay restitution for damages to the victim's boat because, in his view, such damages were not "caused by his offense" of grand theft, as he says section 39.11(1)(g) requires. Section 39.11(1)(g), which governs the disposition powers of a trial court in a juvenile proceeding, authorizes the court, as part of the community control program, to "order the child or parent to make restitution for the damage *1145 or loss caused by his offense in a reasonable amount or manner to be determined by the court." (Emphasis added.)
The juvenile points out that an analogous statute governing restitution as a condition of probation in adult proceedings, section 948.03(1)(g), Florida Statutes (1975), was construed by the Florida Supreme Court in Fresneda v. State, 347 So.2d 1021 (Fla. 1977). Section 948.03(1)(g), which is similar in wording to its statutory counterpart for juveniles, section 39.11(1)(g), authorizes conditioning probation on the defendant's making "reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court." (Emphasis added.) In Fresneda, a Volkswagen skidded into a car, which had stopped abruptly, and the defendant's car then struck the Volkswagen from behind. The occupants of the Volkswagen were injured at some point(s) during the chain reaction accident. Instead of stopping to offer assistance, the defendant backed up his car and continued on his way. He was subsequently charged with the offense of leaving the scene of an accident resulting in injury to another person. The trial court, without giving the defendant prior notice of the proposed restitution condition or allowing him the opportunity to be heard as to the amount of damages "caused by his offense," placed him on probation for the charge with the condition that he pay restitution of $1,600 for the benefit of the injured occupants of the Volkswagen. The supreme court reversed the trial court's order, holding 1) that, before ordering a defendant to pay restitution to the victim of a crime as a condition of probation, the trial court must provide the defendant with notice of the proposed restitution order and afford him the opportunity to be heard as to the amount of damages "caused by his offense," and 2) that the trial court cannot require the defendant to pay the victim an amount "in excess of the amount of damage the criminal conduct caused the victim." Id. at 1022. Inasmuch as the state conceded that the restitution condition of probation was not authorized by section 948.03(1)(g) since the injuries sustained by the occupants of the Volkswagen were not caused by the defendant's crime of leaving the scene of the accident, the supreme court saw no reason to order the trial court to conduct a hearing on the issue of damages on remand. See also DiOrio v. State, 359 So.2d 45 (Fla. 2d DCA 1978).
The juvenile reads Fresneda as standing for the proposition that the statutory language "damage or loss caused by his offense" means only damages flowing "directly" from the offense itself.
The juvenile states that Fresneda has been held applicable to juvenile cases as well. In one such case which he cites, G.H. v. State, 414 So.2d 1135 (Fla. 1st DCA 1982), the juvenile drove his grandfather's truck into a support pole of the victim's carport, thereby causing $800 in damages to that structure. The juvenile later pled guilty to the charge of leaving the scene of an accident resulting in damage to property of another. In return, the state dropped a criminal mischief charge. The trial court nonetheless ordered the juvenile to pay the victim restitution for the damaged carport. The first district court of appeal, citing Fresneda, reversed, holding that because no damages flowed from the juvenile's offense of leaving the scene of the accident, no restitution could be ordered for the damages caused by his act of hitting the carport.
In another juvenile case cited by the juvenile here, W.N. v. State, 426 So.2d 1206 (Fla. 4th DCA 1983), several juveniles were charged with trespass for having entered onto school property without authorization and with criminal mischief for having broken several thousand dollars worth of windows while on the school property. The criminal mischief charges were later nolprossed by the state. The trial court nevertheless ordered the juveniles to pay the school board restitution for the broken windows. On appeal, the juveniles cited Fresneda. The state countered that Fresneda was distinguishable because the criminal act in Fresneda happened after the injuries occurred, whereas the windows *1146 were broken by the juveniles during the criminal act itself. Finding that the juveniles' reliance on Fresneda was "well-founded," the fourth district court of appeal ordered the restitution stricken, thereby rejecting the state's contention that Fresneda was distinguishable. Taking note of the language "caused by his offense" in section 39.11(1)(g), our sister court held that the offense charged must bear "a direct relationship" to the damage. Id. at 1207. Because the state had nolprossed the criminal mischief charges, our sister court decided that the trial court lacked a legal foundation for imposing restitution.
We disagree with our sister court's holding in W.N. In our view, the words "caused by his offense" in section 39.11(1)(g) do not mean that the offense charged must bear "a direct relationship" to the damages caused. We believe that such a construction of that language in section 39.11(1)(g) leads to too narrow an application of that statute.
The supreme court in Fresneda certainly never construed the language "caused by his offense" in section 948.03(1)(g) as including only damages flowing directly from the crime charged. Indeed, the supreme court in Fresneda, as well as the first district court of appeal in G.H., did not even need to reach such a question of statutory interpretation because those cases involved facts distinguishable from those in the case at bar. In both Fresneda and G.H., the crime with which the defendant was charged happened after the damages occurred. Here, by contrast, the juvenile's acts of destruction occurred during his commission of the crime with which he was charged. The juvenile's offense of grand theft thus bore a significant enough relationship to the damages to the boat. Hence, the trial court did not err in ordering that he pay the victim restitution for damages to the boat, as well as for the stolen ammeter.
As we cannot reconcile the decision of our sister court in W.N. with our holding here, we certify this case as being in direct conflict with that case.[2]
The juvenile's remaining argument on appeal is without merit. Accordingly, we affirm the final order.
AFFIRMED.
CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] The criminal mischief statute, section 806.13, Florida Statutes (1983), provides in pertinent part:

(1)(a) A person commits the offense of criminal mischief if he willfully and maliciously injures or damages by any means any real or personal property belonging to another.
[2] While we disagree with the fourth district court of appeal's holding in W.N. v. State, 426 So.2d 1206 (Fla. 4th DCA 1983), we fully agree with its holding in Jones v. State, 427 So.2d 398 (Fla. 4th DCA 1983), a case it decided shortly after its ruling in W.N.

In Jones, the defendant stole a motorcycle. The police observed him violating traffic laws while he was riding the motorcycle. A high-speed chase ensued, and the motorcycle was destroyed when the defendant lost control of it. The defendant later pled guilty to the charge of theft. The trial court placed him on probation and ordered that, as a condition of probation, he pay the theft victim restitution in the sum of $3,800. Our sister court affirmed the restitution condition, notwithstanding the defendant's reliance on Fresneda. It held that when property is destroyed while in the possession of a person who is in the act of stealing such property, there is a sufficient connection to require restitution under the theft charge in compliance with section 948.03(1)(g), Florida Statutes (1983).