467 So.2d 439 (1985)
Pamela Ann ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 84-811.
District Court of Appeal of Florida, Fifth District.
April 11, 1985.
Chandler R. Muller, and Michael J. Snure of Muller, Kirkconnell and Lindsey, P.A., Winter Park, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant contests the restitution provision of the order withholding adjudication *440 and placing her on probation, contending that the claimed damages do not flow directly from the crime to which she pleaded. We affirm.
Appellant was originally charged with burglary of a dwelling and grand theft. After her inculpatory statements and certain evidence were suppressed, she successfully moved for dismissal of the burglary charge under Rule 3.190(c)(4), Florida Rules of Criminal Procedure. She thereafter tendered a written plea of nolo contendere to the charge of grand theft, stating, "If restitution is ordered by the court, I would request a hearing if the parties cannot agree on an amount, if any, to be paid."
In accepting the tendered plea, the court determined the factual basis to be as follows. Appellant entered the victim's home to find money. In the course of entering, she left a lighted cigarette near her point of entry, and a fire ensued causing extensive damage to the residence and its contents. Appellant found a small safe in the house and rolled it out. This was the basis of the grand theft charge. The safe and its contents were ultimately recovered and returned to the victim. The total damage to the house exceeded $29,000, but application of insurance proceeds reduced the victim's loss to $12,425. After a hearing, the trial court ordered appellant to make restitution of $5,000 as a condition of five years probation. This appeal follows.
Appellant's principal contention is that no restitution may be ordered because no damage resulted from the grand theft. She contends that the damage to the house and contents was not caused by the offense to which she entered her plea (grand theft), so any restitution is improper, relying on Fresnada v. State, 347 So.2d 1021 (Fla. 1977).
In Fresnada, the defendant had been charged with leaving the scene of an accident resulting in injury to another. The trial court found the defendant guilty, withheld adjudication of guilt, put the defendant on probation and ordered the defendant to pay $1,600 for the benefit of the injured parties. The supreme court held that section 948.03(1)(g), Florida Statutes (1975) which authorized conditioning probation on the probationer's making "reparation or restitution to the aggrieved party for the damage or loss caused by his offense in the amount to be determined by the court" did not authorize the restitution condition ordered by the trial court since the act of leaving the scene of the accident did not cause the damage to the other vehicle. Fresnada, however, can be distinguished. There, the criminal conduct occurred after the accident. Here, the fire occurred during the commission of the theft and as a part of the criminal conduct ending with the theft. Appellant had to get into the house to steal the safe. The fire resulted from the cigarette she left lying about when she entered the house. Although the burglary charges were dropped, she had to be in the house to accomplish the theft. Thus the damage to the victim was caused by the appellant's criminal conduct in stealing the safe. Fresnada recognizes
that a condition of probation requiring a probationer to pay money to, and for the benefit of, the victim of his crime cannot require payment in excess of the amount of damage the criminal conduct caused the victim. [Emphasis added].
Id. at 1022.
This court has held that conditions of probation are not limited to those having a relationship to the exact crime which results in the probation. Rose v. State, 434 So.2d 1014 (Fla. 5th DCA 1983). In M.A.R. v. State, 433 So.2d 29 (Fla. 5th DCA), rev. denied, 441 So.2d 632 (Fla. 1983), the juvenile defendant committed a battery on the victim at a party on the beach. While the victim chased the juvenile, other persons in the group caused serious damage to the victim's car. On delinquency charges of battery and criminal mischief, the juvenile was convicted of battery, but not of criminal mischief. Nevertheless, the trial court ordered him to make restitution for the damages to the car as a condition of probation. *441 In upholding the ordered restitution against the claim that it was not directly related to the battery, the court observed:
We do not agree that the trial judge may not order restitution in this case merely because he did not find appellant guilty of criminal mischief with respect to the damage to the vehicle. Appellant's conduct in committing the battery and in chasing the victim may have directly or indirectly proximately caused or substantially contributed to the damage done to the vehicle. This was a matter for the trial judge to determine.
Id. at 30. See also Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA), rev. denied, 419 So.2d 1195 (Fla. 1982).
W.N. v. State, 426 So.2d 1206 (Fla. 4th DCA 1983) appears to hold to the contrary. There, six juveniles were charged with criminal mischief and trespassing for breaking the windows in a school. The criminal mischief charge was nolle prossed. The court ordered the children to pay restitution. The appellate court held that there was no connection between the act of trespass and the property damage sustained and thus restitution was improperly ordered. The appellate court stated, "We have no way of knowing why the prosecution elected to nolle pros the criminal mischief charge and to accept the pleas to the charge of trespass. Once it elected to do so, however, it removed from the trial court's hands the legal foundation for compelling restitution." Id. at 1208. (Footnote omitted).
In J.S.H. v. State, 455 So.2d 1143 (Fla. 2d DCA 1984) the juvenile defendant was charged with second degree grand theft, because he stole various items from a boat, causing damages of $1,500 to the boat in the process. All the stolen items were eventually returned to the owner except an ammeter found to be worth $50. Over the juvenile's objection that restitution could be ordered only for the value of the ammeter and not for the damage to the boat inasmuch as the juvenile had only been charged with grand theft and not criminal mischief, the trial court ordered restitution in the amount of one half the total damages of $1,550. The appellate court affirmed, stating:
We disagree with our sister court's holding in W.N. In our view, the words "caused by his offense" in section 39.11(1)(g) do not mean that the offense charged must bear "a direct relationship" to the damages caused. We believe that such a construction of that language in section 39.11(1)(g) leads to too narrow an application of that statute. The supreme court in Fresneda certainly never construed the language "caused by his offense" in section 948.03(1)(g) as including only damages flowing directly from the crime charged. Indeed, the supreme court in Fresneda, as well as the first district court of appeal in G.H., did not even need to reach such a question of statutory interpretation because those cases involved facts distinguishable from those in the case at bar. In both Fresneda and G.H., the crime with which the defendant was charged happened after the damages occurred. Here, by contrast, the juvenile's acts of destruction occurred during his commission of the crime with which he was charged. The juvenile's offense of grand theft thus bore a significant enough relationship to the damages to the boat. Hence, the trial court did not err in ordering that he pay the victim restitution for damages to the boat, as well as for the stolen ammeter.
As we cannot reconcile the decision of our sister court in W.N. with our holding here, we certify this case as being in direct conflict with that case. [Footnote omitted]. [Emphasis supplied].
Id. at 1146.
We agree with J.S.H. The damage here bore a sufficient relationship to the crime charged. Put another way, appellant's conduct in committing the grand theft directly caused or contributed to the damage to the victim's home. M.A.R. The damage thus arose from the defendant's criminal conduct. *442 As did the court in J.S.H.,[1] we acknowledge direct conflict with W.N. v. State, supra.
We find no merit in appellant's remaining point on appeal, so the order appealed from is
AFFIRMED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] The Supreme Court of Florida has accepted a petition for review in J.S.H. v. State, Case No. 66,029. Oral argument is set for June 5, 1985.