SHARP, Judge.
Donohue appeals from a judgment and sentence after a jury found him guilty of second degree grand theft[1] in connection with the embezzlement of funds from the Best Western Deltona Inn. We affirm the judgment and sentence, except for those portions of the sentence which impose costs and require a probation officer to determine a repayment schedule of $14,400 in restitution ordered by the court.
Both sides agree that costs were improperly imposed without prior notice to Dono-hue, and that this portion of the sentence should be quashed. Wood v. State, 544 So.2d 1004 (Fla.1989); Mays v. State, 519 So.2d 618 (Fla.1988).
The sentence provides that restitution of $14,400 is to be paid “at a rate to be determined by your Probation Officer.” A probation officer may monitor a probationer’s economic circumstances during the probationary period, notify the court when a probationer appears to have the ability to commence restitution repayment, and furnish the court with a recommended repayment schedule. However, the determination of the probationer’s ability to pay is a nondelegable judicial responsibility.[2] Ballance v. State, 447 So.2d 974 (Fla. 1st DCA 1984); Fletcher v. State, 405 So.2d 748 (Fla. 2d DCA 1981).
Thus, we quash the imposition of costs and that portion of the sentence directing Donohue’s probation officer to set a restitution repayment schedule, and we remand the sentence to the trial court to make appropriate corrections in accordance with this opinion.
AFFIRMED in part; QUASHED in part; and REMANDED with directions.
COBB and COWART, JJ., concur.

. § 812.014(1) and (2)(c), Fla.Stat. (1985).

. Likewise, the determination of the amount of restitution is a nondelegable judicial determination. Fresneda v. State, 347 So.2d 1021 (Fla. 1977); Ballance v. State, 447 So.2d 974 (Fla. 1st DCA 1984).