582 So.2d 783 (1991)
William Lee FAULKNER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1676.
District Court of Appeal of Florida, Fifth District.
July 18, 1991.
James B. Gibson, Public Defender, and M.A. Lucas, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Faulkner appeals from the trial court's order of restitution which requires him to pay $10,000 to the McMillans, who were the victims of a burglary of their residence. He pled nolo contendere to dealing in stolen property,[1] specifically a Remington rifle and a Winchester rifle. The rifles, together with other items, were stolen from the McMillans' home. However, Faulkner did not admit to participating in the burglary, nor did he agree to assume any responsibility for damages suffered by the McMillans over and above the rifles, as part of his plea agreement. Because the restitution order apparently encompasses damages suffered by the victims unrelated to the theft and sale of the two rifles, we quash the restitution order.
In this case, Faulkner was charged solely with two counts of grand theft,[2] specifically involving only the Remington and Winchester rifles. He agreed to plead nolo contendere to a count of dealing in stolen property, which also related solely to the two rifles. The state nol prossed the two grand theft counts.
From their homeowners policy, the McMillans received $3,117. The police also recovered and returned to them some of the items which had been stolen, including the Remington rifle. The Winchester apparently was not recovered.
At the sentencing hearing, the trial judge allowed the McMillans to testify they lost other items during the burglary of their home. They listed the total value at $18,735. *784 The trial judge arrived at the $10,000 sum in the restitution order by subtracting the insurance proceeds from the total value of the unrecovered items. Under the circumstances of this case, we can find no valid basis to affirm the court's restitution order, except to the extent it compensates the McMillans for the loss of the Winchester rifle.
In order to sustain a restitution order which encompasses damage to victims for offenses a defendant is not charged with having committed, nor convicted of having committed, the state must demonstrate a significant relationship between the loss or damage sustained by the victim and the defendant's acts in committing the offense for which he was charged and convicted. See Cliburn v. State, 510 So.2d 1155 (Fla. 3d DCA 1987). See also J.S.H. v. State, 472 So.2d 737 (Fla. 1985); Fresneda v. State, 347 So.2d 1021 (Fla. 1977); Roberts v. State, 467 So.2d 439 (Fla. 5th DCA 1985). For example, in J.S. & B.S.B. v. State, 16 F.L.W. 1230 (Fla. 3d DCA May 7, 1991), two juveniles were convicted of dealing in stolen property: a boat. They sold the boat to a third person who damaged it in an effort to conceal it in a shed. The court ruled such damage had a significant relationship to the dealing offense.
Here, however, Faulkner was not charged with theft of any items other than the two rifles; nor did he admit to the burglary. His plea to dealing related solely to the two rifles. Although other witnesses testified Faulkner may have been involved in the burglary, the McMillans' loss of items other than the rifles was not tied to Faulkner's offense.[3]
We conclude that the state failed to establish Faulkner's dealing with the rifles caused or bore any significant relationship to the McMillans' loss of other items burglarized from their home. Fresneda. That loss or damage was caused by the burglary, an offense with which Faulkner was not charged, to which he did not admit, and for which he was not found guilty. Accordingly, we quash the order of restitution and remand for entry of a revised order limited to damages for loss of the Winchester rifle.
Order QUASHED; REMANDED.
COWART and PETERSON, JJ., concur.
NOTES
[1] § 812.019, Fla. Stat. (1989).
[2] § 812.014, Fla. Stat. (1989).
[3] Section 948.03(1)(e), Florida Statutes, provides that restitution for damages is to be made for the "damages or loss caused by [defendant's] offense." (emphasis supplied)