PER CURIAM.
The appellants were charged and convicted of making false statements under oath in an official proceeding, to wit: a deposition taken in a Dade County court case involving an obstruction of justice charge regarding the identity of the driver of a car involved in an accident resulting in the death of a minor. The false statements made by the appellants were material inasmuch as the traffic accident became a hit- and-run matter with a pedestrian fatality. The issue of who was driving was important and material since the owner and presumptive driver of the vehicle could have been charged with vehicular homicide. Therefore, it was material to the obstruction of justice charge pending against the owner to determine who was the driver of the hit-and-run vehicle. The determination of materiality is a question of law, to be decided by the trial court, see Wells v. State, 270 So.2d 399 (Fla. 3d DCA 1972) cert. denied, 414 U.S. 1024, 94 S.Ct. 449, 38 L.Ed.2d 316 (1973); therefore, we find no error in the adjudications. We do reverse the orders of restitution[1] of the funeral expenses as a result of the death because they were not causally related to the criminal activities for which appellants were convicted. See Fresneda v. State, 347 So.2d 1021 (Fla.1977); Purvis v. State, 442 So.2d 1085 (Fla. 2d DCA 1983); W.N. v. State, 426 So.2d 1206 (Fla. 4th DCA 1983); DiOrio v. State, 359 So.2d 45 (Fla. 2d DCA 1978).
We affirm in part and reverse in part.

. The sentences were probation with one of the conditions being restitution of the funeral expenses to the father of the deceased.