SHIVERS, Judge.
Appellant appeals his order of probation contending that it is contrary to Fresneda v. State, 347 So.2d 1021 (Fla.1977). We affirm in part and reverse in part.
First, we affirm the assessment against appellant of the expense incurred by the City of Havana in its investigation relating to appellant’s sale of cannabis. In this regard, we find the decision in Cuba v. State, 362 So.2d 29 (Fla. 3d DCA 1978)-persuasive and adopt its reasoning on whether the state is an aggrieved party for purposes of section 948.03(1)(g), Florida Statutes. See also Ballance v. State, 447 So.2d 974 (Fla. 1st DCA 1984), wherein this court implicitly approved Cuba.
Second, we reverse and remand this cause to the trial judge for the purpose of providing appellant with reasonable notice of the proposed restitution and to afford appellant an opportunity to be heard on the amount of the restitution. Here, restitution was ordered at the same time as appellant was placed on probation at the sentencing hearing. This does not satisfy the notice requirements mandated by Fresneda, supra. See also Blincoe v. State, 371 So.2d 595 (Fla. 1st DCA 1979); DiOrio v. State, 359 So.2d 45 (Fla. 2d DCA 1978). Accordingly, this cause is remanded for the purpose of conducting a restitution hearing as required by Fresneda.
*138 AFFIRMED in part, REVERSED in part and REMANDED with directions.
MILLS and WIGGINTON, JJ, concur.