DELL, Judge.
Pete Stanley appeals from his conviction of first degree murder, the trial court’s sentence of life imprisonment, and the imposition of certain costs.
On July 31, 1983, deputy sheriffs of the Martin County Sheriffs Department arrested appellant for the murder of a 65 year old man. The deputies read the Miranda warnings at least three times before appellant gave a tape recorded statement. Appellant also signed a waiver of rights form. However, at the suppression hearing appellant testified that he remembered very little of what had occurred on the day of his arrest. He testified that he did not remember whether anyone told him he had the right to remain silent, or the right to an attorney, or any other rights. He confirmed that the signature on the rights waiver was his, but he did not remember signing it. The deputy who obtained appellant’s signature on the waiver of rights form testified that after appellant agreed to give his statement that he told appellant that he would like to tape the statement and that he said to appellant, “this is so that you know what I say and I know what you say.” The trial court denied appellant’s motion to suppress.
Appellant raises three points on appeal. He contends the trial court erred in denying his motion to suppress because his statement was not freely and voluntarily *495 given; that the trial court improperly restricted cross examination of a key witness which would have disclosed that the witness had been convicted of a felony; and that the trial court erred in imposing costs because appellant had been adjudicated insolvent.
Appellant relies on State v. LeCroy, 435 So.2d 354 (Fla. 4th DCA 1983), to support his first contention. In LeCroy, the police gave the Miranda warnings and said, “This statement is taken primarily in order to refresh your memory at the time you may be called upon to testify, if and when this matter goes to court.” This court held that the additional statement constituted a dilution of the Miranda warning which the United States Supreme Court said would not be tolerated.[1]
There can be no doubt that telling an individual during custodial interrogation that his statement is being taken primarily for the purpose of refreshing his recollection is a dilution of the Miranda warning and we hereby hold that it is a fatal one.
Id. at 357.
However, we find a significant difference between Deputy Miller’s statement that “this is so that you know what I say and I know what you say” and that of the statement read by the police officer in Le-Croy. In LeCroy, the police officer told the defendant that the “primary purpose” of the statement was to refresh his memory. The trial judge correctly observed that here the deputy’s statement related only to the reason for the use of a tape recording, not to the purpose for which his statement was taken. The deputies clearly and unequivocally informed appellant that “anything you say can and will be used against you in a court of law.” We are satisfied that the deputy’s conversations with appellant did not dilute the Miranda warnings and that the totality of the circumstances demonstrates that appellant freely and voluntarily gave the statement. Therefore, the trial court properly denied appellant’s motion to suppress the statement.
We find no merit in appellant’s second point on appeal since appellant failed to lay the proper predicate to attack the witness’s credibility based on his prior conviction of a crime. See Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982).
Finally, we agree with appellant’s contention that the trial court erred when it assessed costs against appellant. The cost of reporting a trial, whether electronically or by court reporter, is not among the costs enumerated in Section 27.56(l)(a), Florida Statutes (1983). Furthermore Section 27.-56(7) specifically requires notice, an opportunity to be heard, and the right to counsel at a hearing for the assessment of costs. See also Jenkins v. State, 444 So.2d 947 (Fla.1984).
Accordingly, we affirm appellant’s conviction and sentence and we reverse the order assessing costs against appellant.
AFFIRMED IN PART; REVERSED IN PART.
DOWNEY and BARKETT, JJ., concur.

. On motion for rehearing, this court certified the question as one of great public importance. State v. LeCroy, 441 So.2d 1182 (Fla. 4th DCA 1983).