ZEHMER, Judge.
This appeal is brought from a circuit court order adjudicating appellant delin *1297 quent, placing her on community control, and ordering restitution to the victim and the victim’s mother in the amount of $279. Appellant urges several procedural issues which we conclude are without merit. We do find merit in appellant’s contention that the trial court erred in ordering restitution for expenses attributable to the mother’s nervous condition. We affirm the $40 restitution award for medical expenses incurred by the victim, but reverse that portion covering expenses for the mother’s condition.
On March 7, 1985, a petition for delinquency was filed against appellant arising out of a fight that occurred at school between appellant, who is fifteen years old, and the victim, who is a much smaller girl. The victim instituted a proceeding against appellant before a youth mediator, and the mediator ordered appellant to serve forty hours of community service and pay restitution of $87 for medical expenses related to treatment of the victim and treatment of a nervous condition suffered by the victim’s mother allegedly as a result of the incident. Appellant did not pay the restitution, and the mother brought an action against appellant and her father in small claims court to recover the restitution amount. Appellant failed to appear in this action, and judgment was rendered for the mother in the amount of $279. This figure included $40 for medical expenses relating to the victim’s injury, $47 for the mother’s medical bills resulting from her nervous condition, $150 for loss of three days wages by the mother resulting from her nervous condition, and $42 for a small claims court fee expended in the civil action to enforce the juvenile mediator’s restitution judgment. This judgment has not been paid.
With respect to the petition for delinquency, appellant pled guilty to one count of battery. The judge adjudicated appellant delinquent, imposed community control, forty hours of community service, and other conditions, and ordered restitution in the amount of $279, with credit to be given for any payments made pursuant to the small claims court judgment. Counsel for appellant objected to the amount of restitution, arguing that the court lacked jurisdiction to order restitution for amounts relating to damages allegedly suffered by the mother. The court rejected this argument, explicitly ruling that it was bound by the small claims court’s determination of damages.
The primary argument made by appellant is that the court lacked authority to order restitution to the victim’s mother because she was not an “aggrieved party.” Appellant draws this phrase from section 948.03(l)(e), Florida Statutes (1985), which provides that, as a condition of probation, an adult may be required to “make reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court.” In the present juvenile proceeding, the court did not rely upon section 948.03(l)(e) to award restitution, but relied upon section 39.11(l)(g), which provides that in a juvenile delinquency proceeding the court may place the juvenile in community control and, as a condition, may “order the child or parent to make restitution for the damage or loss caused by his offense in a reasonable amount or manner to be determined by the court.” We recognize that several cases have construed the term “aggrieved party” in section 948.03(l)(e) to include persons who are not the direct victim of the crime,[1] but we find no such cases under section 39.11. Although these statutes appear to be quite similar, they are distinguishable. Section 39.11(l)(g) provides that “restitution,” not “reparation,” may be ordered by the court. Section 39.-ll(l)(g) does not state that restitution be paid to the “aggrieved party,” but it does require that restitution be made only for damage “caused” by the juvenile’s offense. Thus, a substantial limitation on restitution in juvenile cases is the element of causation.
*1298 Even though the victim’s mother may not have developed a nervous condition but for the incident between appellant and her child, the requirement in section 39.11(l)(g) that the damage or loss be “caused by” the offense is not met in this case because the mother’s medical expenses and lost wages were apparently a result of her emotional reaction to the schoolyard fight involving her child, not to any trauma she directly received in the fight. We hold that restitution for medical expenses personally incurred by the mother in caring for injuries to the child are properly included in restitution; but expenses and lost wages resulting from the mother’s emotional reaction are not properly reimbursable under section 39.11(l)(g) anymore than such damages would be allowed in a civil damage suit.[2]
Likewise, we find that the $42 incurred as a small claims court fee was not “caused by” the fight. The trial court ordered restitution solely on the basis of the small claims court judgment, without such judgment being placed in evidence and without any independent evidence of damages being presented by the parties. Damages recoverable in a civil action are completely distinguishable from restitution available under the criminal statutes, and the court erred in ordering restitution based on the judgment of the small claims court.
Appellant does not challenge the $40 restitution awarded for the victim’s injuries; therefore, we do not disturb that portion of the award.
The judgment is, accordingly, modified to award restitution in the amount of $40 for the medical expenses of the victim on the conditions stated in the order. As so modified, the judgment is affirmed.
MODIFIED and AFFIRMED.
THOMPSON and BARFIELD, JJ., concur.

. Ballance v. State, 447 So.2d 974 (Fla. 1st DCA 1984); Milton v. State, 453 So.2d 137 (Fla. 1st DCA 1984); Rose v. State, 434 So.2d 1014 (Fla. 5th DCA 1983).

. Brown v. Cadillac Motor Car Div., 468 So.2d 903 (Fla.1985).