510 So.2d 1155 (1987)
Roger D. CLIBURN, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-747.
District Court of Appeal of Florida, Third District.
August 11, 1987.
*1156 Bennett H. Brummer, Public Defender and Karen M. Gottlieb, Asst. Public Defender, for appellant.
Robert A. Butterworth, State Atty. and Ralph Barreira, Asst. State Atty., for appellee.
Before HUBBART and FERGUSON and JORGENSON, JJ.
PER CURIAM.
This is an appeal by an insolvent defendant, Roger D. Cliburn, from a sentence imposed upon a duly entered guilty plea and conviction for dealing in stolen property. The stolen property traded by the defendant was all recovered and returned to the owner. The defendant attacks the sentence as illegally requiring him to pay (1) $1,775 as restitution for (a) the value of all property taken, but not recovered, in the burglary which yielded the stolen property traded by the defendant in this case, (b) the repair costs for the door damaged in the above-stated burglary, and (c) the transportation costs for the owner to return home from out-of-town to attend to the damage caused by the above-stated burglary to her house; (2) the filing fee and cost of preparing a record in the event of an appeal and an affirmance by the appellate court; and (3) miscellaneous nominal court costs and assessments, to wit: court costs ($10), crime compensation trust assessment ($15), and other costs ($29) expended by the county. We entirely agree with the defendant and strike such provisions from the sentence.
First, there was no legal basis on this record for assessing the alleged burglary restitution costs under Section 775.089(1), Florida Statutes (1983). There is no evidence in the record that the defendant was ever criminally involved in the commission of the above-stated burglary or that he had ever received the unrecovered property stolen in the subject burglary. The defendant was convicted of dealing in stolen property taken from a burglary, and was not, so far as the record shows, criminally involved in the burglary itself. This being so, it is plain that the damages and losses sustained by the owner in the said burglary were not "caused by the defendant's offense," § 775.089(1), Fla. Stat. (1983), because such damages and losses bear no significant relationship to the offense for which the defendant was convicted. See, e.g., J.S.H. v. State, 472 So.2d 737 (Fla. 1985); Fresneda v. State, 347 So.2d 1021 (Fla. 1977); Roberts v. State, 467 So.2d 439 (Fla. 5th DCA 1985). Moreover, even if the defendant had been convicted of or had been criminally involved in the instant burglary, it is doubtful that the victim's travel expenses, as ordered in this case, could properly have been assessed against the defendant as such expenses were entirely remote in nature. See K.M.C. v. State, 485 So.2d 1296, 1298 (Fla. 1st DCA), rev. denied, 492 So.2d 1335 (Fla. 1986); Ramos v. State, 444 So.2d 87 (Fla. 3d DCA 1984).
Second, the filing fee and record preparation costs could not properly be assessed against the defendant as he has been adjudicated insolvent below. There is no legal authority under Florida law for the imposition of such appellate costs against insolvent defendants. See Stanley v. State, 459 So.2d 494, 495 (Fla. 4th DCA 1984); §§ 27.56, 924.17 Fla. Stat. (1983). Indeed, to impose such costs on an insolvent defendant, as here, would raise grave constitutional concerns. See Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); McGeorge v. State, 386 So.2d 29, 30 (Fla. 5th DCA 1980).
Third, the assessment of certain nominal costs against the defendant, as detailed above, was legally authorized under Florida law, §§ 27.56(1), 943.25, Fla. Stat.(1983), but were unlawfully imposed in this case because they were ordered paid without giving the defendant prior notice and a hearing as required by Florida law. The fact that the court allowed the defendant to request a hearing on certain of these costs after the costs had already been imposed cannot change this result. See Jenkins v. State, 444 So.2d 947 (Fla. 1984); *1157 Shaffer v. State, 446 So.2d 1156 (Fla. 2d DCA 1984); McGeorge v. State, 386 So.2d 29 (Fla. 5th DCA 1980); § 27.56(1), Fla. Stat.(1983).
The imposition of the aforesaid restitution costs, appellate costs, and all other costs as contained in the sentence under review is therefore stricken; as to the nominal costs discussed above, however, this affirmance shall be without prejudice to the state to tax such costs against the defendant after a proper notice and hearing. In all other respects, the sentence under review is affirmed.
Affirmed as modified.