553 So.2d 1258 (1989)
Cecilia ELOSHWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-0226.
District Court of Appeal of Florida, Fourth District.
November 22, 1989.
Rehearing Denied January 24, 1990.
*1259 Richard L. Jorandby, Public Defender, Tanja Ostapoff and Carol J. Bickerstaff, Asst. Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, Cecilia Eloshway, was charged by information with two counts of DUI manslaughter and two counts of DUI accident with damage to property. She was declared indigent, counsel was appointed, and she pled guilty to all counts. The trial court sentenced her within the presumptive guideline range to two concurrent twelve-year prison terms for the DUI manslaughter counts and two concurrent terms of one year for the DUI property damage counts. The last three years of said sentence were suspended and she was ordered to be placed on probation for three years. Numerous conditions of probation were imposed, some of which Eloshway attacked via a post-sentence motion for reduction of sentence and objections to probation conditions. Said motion was denied and this appeal ensued.
Pursuant to section 775.089, Florida Statutes (1987), as one of the conditions of probation the trial court ordered appellant to make restitution in the amount of $7,000 payable not less than $200 per month upon her release from prison. Said sum is to be paid to the Palm Beach Community College Athletic Fund. It seems that the victims of the accident giving rise to these criminal charges were two outstanding baseball players at the named college. The trial court determined that the parents of the victims had incurred expenses of $7,000 as a result of the accident and, thus, were entitled to restitution pursuant to section 775.089(1)(a) and 775.089(2)(c), Florida Statutes (1987). However, the parents declined to accept the payments and requested they be made to the college athletic fund, to which the trial judge acceded.
The trial judge also ordered Eloshway to pay an additional 10% of her remaining gross income to the same fund. Appellant complains that these awards were made without a determination of her ability to pay them. Furthermore, appellant objected to the court's preventing her from leaving Palm Beach County without permission of the probation department for good cause shown.
We find no fault with the latter condition. However, we believe the orders pertaining to restitution are defective in that the trial court failed to follow the dictates of section 775.089(6), Florida Statutes (1987), requiring the court, in fashioning an order of restitution, to determine the financial resources of the defendant as well as her financial needs and earning ability and other appropriate factors. See Gaskin v. State, 513 So.2d 1087 (Fla. 1st DCA 1987). In addition, we disapprove of the order requiring payments to the college athletic fund. The statute directs the court to order restitution to the victim or aggrieved party. The college athletic fund is *1260 neither. However, the parents are the aggrieved parties and any award should be made directly to them. If they choose to donate those funds to the school, well and good. We do not believe the courts should become involved in ordering payments directly to third parties not authorized by statute. Appellant's objections to other conditions have not been preserved. Subsequent to the imposition of probation, appellant filed written objection to the above mentioned two conditions of probation. Accordingly, she has waived her objection to the other conditions.
Accordingly, we affirm the orders appealed from in all respects except the provisions regarding restitution contained in conditions 15 and 16. We reverse as to those conditions and remand the cause to the trial court for further consideration of the award of restitution in accordance with this opinion.
AFFIRMED IN PART; REVERSED IN PART; and remanded with directions.
DELL, J., and FRANK, RICHARD H., Associate Judge, concur.