PER CURIAM.
This cause is before us on appeal of an order imposing restitution. We reverse for the following reasons.
Appellant was convicted of dealing in stolen property in violation of Section 812.-019, Florida Statutes. The trial court entered a restitution order directing him to pay $1,043.28 for unrecovered property stolen during the same burglary that the property he was dealing in was stolen. There was no evidence that he was one of the actual burglars or was linked to the unre-covered property in any other way.
Section 775.089(l)(a), Florida Statutes, authorizes restitution “for damage or loss caused directly or indirectly by the defendant’s offense.” Although the loss for which restitution is ordered need not be directly encompassed within the legal elements of an offense, there must be a significant relationship between the loss and the offense. J.S.H. v. State, 472 So.2d 737 (Fla.1985).
In Cliburn v. State, 510 So.2d 1155 (Fla. 3d DCA 1987), the defendant was convicted of dealing in stolen property but not of the underlying burglary. Cliburn reversed a restitution order for unrecov-ered property taken during the burglary, because there was no evidence that Cliburn was ever criminally involved in the commission of the burglary or was otherwise connected to the unrecovered property. Although Jones v. State, 480 So.2d 163 (Fla. 1st DCA 1985), approved restitution for unrecovered items taken in a burglary but not found in Jones’s possession, Jones is distinguishable because the evidence there strongly suggested Jones was involved in the underlying burglary. This established the significant causal relationship necessary under J.S.H. As in Cliburn, that relationship is missing sub judice.
REVERSED.
BOOTH, WIGGINTON and BARFIELD, JJ., concur.