579 So.2d 900 (1991)
Walter F. WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2415.
District Court of Appeal of Florida, Fourth District.
May 29, 1991.
Kenneth E. Delegal, of Law Office of Kenneth E. Delegal, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Walter Watson was charged by information with a violation of section 800.04(1), Florida Statutes (1989) for committing a lewd, lascivious and indecent act upon or in the presence of a child. He was convicted and sentenced for the lesser included offenses of attempted lewd, lascivious or indecent assault upon a child. Watson appeals and raises several issues. First, he argues that the trial court impermissibly entered an upward departure from the sentencing guidelines on the basis that Watson had abused his position of familial and custodial authority. (Watson was the victim's stepfather.) We agree that an upward departure on this basis is improper. See Wilson v. State, 567 So.2d 425 (Fla. 1990.) Accordingly, we vacate Watson's sentence and remand for resentencing.
Second, Watson argues that the trial court impermissibly awarded restitution which was unjustified pursuant to section 775.089, Florida Statutes (1989). This section provides in pertinent part:
(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, unless it finds clear and compelling reasons not to order such restitution . ..

*901 * * * * * *
(c) The term "victim" as used in this section and in any provision of law relating to restitution includes the aggrieved party, the aggrieved party's estate if the aggrieved party is deceased, and the aggrieved party's next of kin if the aggrieved party is deceased as a result of the offense.
The trial court ordered Watson to pay $5,024.89 in restitution to the victim child to cover her physical and mental health expenses. In addition, the court also ordered Watson to pay $53,696.52 in restitution to the mother of the child (Helene Stockenberg) as an "aggrieved party" for her expenses and lost income while attending to the child's maladies. This included expenses resulting from the mother's own consequent divorce from Watson ($1626), the mother's lost wages ($31,360), a mortgage ($4000), a certificate of deposit which had been forfeited ($9,000), car loans (totalling $4179), car insurance ($295), credit card charges (totalling $1236), and a loan to buy a used car ($2000). Watson argues that the award of restitution to the mother for $53,696 improperly extended the definition of "aggrieved party". We agree and reverse the award of restitution to the victim's mother for those expenses other than the child's medical and mental health costs.[1]
In K.M.C. v. State, 485 So.2d 1296 (Fla. 1st DCA 1986) a 15 year old girl caused a schoolyard fight with another child. As a result, the mother of the victim child alleged that she (the mother) had a nervous condition which required treatment and that she had suffered lost wages. The appellate court ruled that restitution could not include the victim's mother's medical bills and lost wages allegedly resulting from her nervous condition. The court ruled that the nervous condition was her emotional reaction to the fight and not directly received in the fight. However the court ruled that restitution could be ordered for the medical expenses personally incurred by the mother in caring for injuries to the child. The medical bills and lost wages which were disallowed were for the treatment of the mother's injuries, not the child's injuries. Applying K.M.C. to the instant case, the medical and mental health expenses that the mother incurred while caring for the injuries to the child would be recoverable. The other tangential expenses which she incurred on her own behalf would not be recoverable.
Likewise, in O'Steen v. State, 547 So.2d 235 (Fla. 1st DCA 1989) the court applied a two prong test to determine whether restitution could be awarded: (1) was the damage or loss for which restitution is ordered caused directly or indirectly by the defendant's offense, (2) was there a significant relationship between the damage to the victim and the crime proved. In the instant case the majority of the damages which were awarded were not the result of the injury to the victim but, rather, were more attenuated expenses unrelated to the crime.
Accordingly, we reverse and remand for further consistent proceedings. We note that if on remand the victim's mother is able to present other proof of less attenuated expenses which were incurred by the victim as a result of the crime such expenses may be considered in an award of restitution.
REVERSED and REMANDED.
ANSTEAD and DELL, JJ., and WESSEL, JOHN D., Associate Judge, concur.
NOTES
[1] We wish to emphasize however that we are affirming the award of restitution regarding the child's medical and mental health expenses.