586 So.2d 1177 (1991)
Efrain OCASIO, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2641.
District Court of Appeal of Florida, Fourth District.
September 11, 1991.
Rehearing and Motion to Certify Question Denied October 30, 1991.
*1178 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sylvia Alonso, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
This is a timely appeal from restitution orders entered after judgment of conviction and sentence of ten years' imprisonment, followed by ten years' probation, for the offense of attempted sexual battery.
Appellant was charged by information with sexual battery upon a child and, pursuant to a negotiated plea, pled guilty to the lesser included offense of attempted sexual battery upon a child. As a special condition of his sentence, appellant was ordered to pay restitution to the victim for psychological evaluation and treatment, as well as to the mother of the victim for expenses incurred due to her own personal psychological injuries, vicariously suffered as a result of the child's experience.
The trial court held two separate restitution hearings, at which evidence was adduced through Dr. Daniel Reed, a psychologist, regarding the present and future need for psychological care and treatment for the minor victim of the crime. He not only testified in detail as to the necessity for such care and treatment, but also as to the estimated cost thereof. There was no contrary evidence and appellant never objected thereto. We thus affirm the trial court's determinations in regard to restitution for the victim's injuries.
A similar hearing was held regarding restitution for the mother of the victim and the psychological impact and injury to her flowing from the injury to her child. Based upon Dr. Reed's testimony, the trial court found the mother entitled to restitution for her own injuries and assessed an amount therefor to be paid by appellant. Appellant objected to the court's finding in favor of the mother.
Section 775.089, Florida Statutes (Supp. 1988), in pertinent part, provides:
(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, unless it finds reasons not to order such restitution. Restitution may be monetary or nonmonetary restitution... .
... .
(c) The term "victim" as used in this section and in any provision of law relating to restitution includes the aggrieved party, the aggrieved party's estate if the aggrieved party is deceased, and the aggrieved party's next of kin if the aggrieved party is deceased as a result of the offense.
(2) When an offense has resulted in bodily injury to a victim, the court may require that the defendant:

*1179 (a) Pay the cost of necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a recognized method of healing.
(b) Pay the cost of necessary physical and occupational therapy and rehabilitation.
... .
(5) An order of restitution may be enforced by the state, or a victim named in the order to receive the restitution, in the same manner as a judgment in a civil action.
Based upon the foregoing statute, we hold that the award of restitution in favor of the mother of the child is erroneous. We empathize with the trial judge's views on the subject; however, the statute simply has not extended an award of restitution to a person in the mother's posture here. She is not a victim within the meaning of section (1)(c), since the aggrieved party [the child] is not deceased. Furthermore, we rejected a similar award in the recent case of Watson v. State, 579 So.2d 900 (Fla. 4th DCA 1991).
During the course of the proceeding in the trial court, in fact on the day he bonded out of jail, appellant transferred by quitclaim deed to his daughter, Carmen, a house and a condominium which he owned. The total cash down payment on said properties was approximately $146,000. After appellant pled guilty to the reduced charges, the state adduced evidence before the trial court regarding the suspicious nature of the transfer of said properties and, as a result of appellant's impecunious financial standing, the trial court issued a rule to show cause why the daughter, Carmen Ocasio, should not be impleaded in the restitution proceeding. Appellant contends here that the trial court was without jurisdiction to issue said rule and seeks reversal of said judicial act. First, we note that the rule to show cause was not directed to appellant, but to his daughter; second, for aught we know, nothing further has transpired following issuance of the rule. Therefore, this court is not in a position at this juncture to determine whether due process is to be afforded the daughter as described in Wieczoreck v. H & H Builders, Inc., 450 So.2d 867 (Fla. 5th DCA 1984), or whether the trial court has exceeded the bounds of its authority and jurisdiction. We, thus, decline to treat appellant's complaints regarding that facet of the case at this time.
The judgment of the trial court imposing restitution upon appellant for the care and treatment of the victim's injuries is affirmed. However, the imposition of restitution regarding the mother's own injuries is reversed and the cause is remanded to the trial court with directions to delete that provision from the judgment and sentence of the court.
HERSEY and DELL, JJ., concur.