JOANOS, Chief Judge.
Harry Battles has appealed from his conviction of dealing in stolen property, and from the imposition of restitution. We affirm.
With regard to his conviction, Battles contends that the trial court erred in denying his motion for judgment of acquittal, in that the state failed to prove that he knew, or should have known, that the property was stolen. The evidence presented by the state clearly refutes this argument, and we affirm Battles’ conviction without further discussion.
Battles also contends that the trial court erred in requiring payment of restitution to the individual who purchased the stolen property from him. Section 775.089(l)(a), Florida Statutes (1989), provides that “the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant’s offense” (emphasis supplied). Section 775.089(l)(c) defines “victim,” in pertinent part, as “the aggrieved party.”
Battles argues that the only victim of the crime of dealing in stolen property is the person from whom the property is stolen, and that by ordering that restitution be paid to the purchaser of that property, the trial court is impermissibly requiring restitution to a third party. See, e.g., Watson v. State, 579 So.2d 900 (Fla. 4th DCA 1991); Eloshway v. State, 553 So.2d 1258 (Fla. 4th DCA 1989), rev. den. 564 So.2d 486 (Fla.1990). We disagree.
While the original owner involved in a dealing offense usually has the property returned, the good faith purchaser of that property from the dealer loses not only the property but the purchase price as well. Thus, that purchaser must be classified as a victim of a dealing offense. Further, we agree with the state that there is an element of unjust enrichment in allowing a convicted dealer in stolen property to retain money obtained from innocent purchasers. We therefore hold that, as to the crime of dealing in stolen property, a bona fide purchaser for value of that property is a “victim” or “aggrieved party” within section 775.089(l)(a) and (c), so that the trial court must require payment of restitution in the amount paid for the property by that purchaser.
Pursuant to Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure, we certify the following question as one of great public importance:
Is a good faith purchaser for value of stolen property a “victim,” or “aggrieved party,” within the meaning of ss. 775.-089(l)(a) and (c), Florida Statutes (1989) so that a person convicted of dealing in stolen property pursuant to s. 812.019(1) may be ordered to pay restitution to that purchaser in the amount paid for the stolen property?
The conviction and restitution order are affirmed.
MINER and WEBSTER, JJ., concur.