McDonald, justice.
We review Battles v. State, 593 So.2d 587, 588 (Fla. 1st DCA 1992), in which the district court certified the following question as being one of great public importance:
Is a good faith purchaser for value of stolen property a “victim,” or “aggrieved party,” within the meaning of ss. 775.-089(l)(a) and (c), Florida Statutes (1989) so that a person convicted of dealing in stolen property pursuant to s. 812.019(1) may be ordered to pay restitution to that purchaser in the amount paid for the stolen property?
We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. We answer the certified question in the affirmative and approve the district court’s decision.
On August 17, 1990, Kelvin Jordan reported his handgun missing from the front seat of his pickup truck. On that same day, Harry Battles offered to sell the gun to Gary Murphy. Battles assured Murphy that the gun was not stolen, and, subsequently, Murphy purchased the gun for $45. When Murphy learned that the police were investigating the theft of the gun, he turned the gun into the Quincy Police Department. The police department then returned the gun to Jordan, the true owner.
Battles was charged with burglary of a conveyance while armed[1] and with dealing in stolen property,[2] but the jury found him guilty only of the latter charge. The trial judge sentenced Battles to a term of thirty months’ imprisonment and imposed restitution to be paid to Gary Murphy in the amount of $45. Battles appealed his conviction and the restitution order, and the district court affirmed the trial court’s decision and certified the question.
The trial court’s restitution order is controlled by subsection 775.089(l)(a), Florida Statutes (1989), which provides that “the court shall order the defendant to make restitution to the victim for damage or loss *1288 caused directly or indirectly by the defendant’s offense, unless it finds clear and compelling reasons not to order such restitution.” (Emphasis added.) Subsection 775.089(l)(c) defines “victim,” in pertinent part, as the “aggrieved party.” Battles argues that the trial court erred in requiring payment of restitution to the individual who purchased the stolen property from him. Battles contends that the only victim of the crime of dealing in stolen property is the person from whom the property is stolen. Therefore, according to Battles, the trial court’s order that restitution be paid to a good faith purchaser impermissibly requires that restitution be paid to a third party. See Watson v. State, 579 So.2d 900 (Fla. 4th DCA 1991);[3] Eloshway v. State, 553 So.2d 1258 (Fla. 4th DCA 1989), review denied, 564 So.2d 486 (Fla.1990).
We disagree with Battles’ premise that a good faith purchaser of stolen property is not a victim of the crime of dealing in stolen property. Under basic principles of property law, a person who acquires possession of property by theft cannot convey good title to another person, even to a bona fide purchaser. Brown & Root, Inc. v. Ring Power Corp., 450 So.2d 1245 (Fla. 5th DCA 1984). Because the purchaser of stolen property does not have good title, the property can be recovered from the purchaser and returned to the true owner. Consequently, the purchaser has lost both possession of the property and the purchase price. A purchaser suffering both a tangible loss of the property and a loss of the purchase price must be characterized as a “victim” of the dealing offense.
The nature of the crime of dealing in stolen property potentially involves at least two parties: the true owner and the good faith purchaser. In the instant case, Jordan was identified as the true owner of the gun and his loss was restored when the gun was returned to him. Murphy, however, has been deprived of his possession of the gun and the $45 he paid for it. If restitution is not imposed, we are left with the incongruent result of having Battles, a person convicted of a felony offense, retain the profits of his criminal enterprise at the expense of a good faith purchaser.
We conclude that a good faith purchaser of stolen property is generally a victim under subsections 775.089(l)(a) and (c). A good faith purchaser is one who buys without notice of circumstances which would put a person of ordinary prudence on inquiry as to the seller’s title. Black’s Law Dictionary 624 (5th ed. 1979). It would be against public policy to reimburse one who knows or should have known that stolen property had been purchased. In the instant case, the trial judge apparently concluded that Murphy was an innocent victim.
We therefore answer the certified question in the affirmative and declare that a good faith purchaser of stolen property is a “victim” within the meaning of subsections 775.089(l)(a) and (c). We approve the decision under review.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.

. § 810.02, Fla.Stat. (1989).

. Section 812.019, Florida Statutes (1989), provides in pertinent part: "(1) Any person who traffics in, or endeavors to traffic in, property that he knows or should know was stolen shall be guilty of a felony of the second degree-”

. In Watson v. State, 579 So.2d 900, 901 (Fla. 4th DCA 1991), the court held that a defendant convicted of attempted indecent assault upon a child could not be required to pay restitution to the mother of the child. Because the mother's damages were attenuated expenses unrelated to the crime, the court limited restitution to the expenses related to the child’s medical and mental health costs.