COBB, Judge.
On appeal, the defendant argues that he should not have been required to pay restitution to the victim’s family. We agree.
Section 775.089(l)(c), Florida Statutes (1991) states:
(c) The term “victim” as used in this section and in any provision of law relating to restitution includes the aggrieved party, the aggrieved party’s estate if the aggrieved party is deceased, and the aggrieved party’s next of kin if the aggrieved party is deceased as a result of the offense.
The families of Catoe’s rape victims, none of whom are deceased, are not encompassed within the statutory language of section 775.089(l)(c), Florida Statutes (1991). Therefore, we reverse the restitution order of the trial court to the extent it relates to the family members. See Ocasio v. State, 586 So.2d 1177 (Fla. 4th DCA 1991); Eloshway v. State, 553 So.2d 1258 (Fla. 4th DCA 1989), rev. denied, 564 So.2d 486 (Fla.1990).
REVERSED and REMANDED.
W. SHARP, J., concurs.
DAUKSCH, J., dissents with opinion.