CAMPBELL, Judge.
Appellant, David Wayne Little, challenges his convictions and sentences for second degree murder and driving under the influence. He was sentenced to twenty years in prison followed by five years probation for murder and twelve months probation concurrent to the other probation for the DUI. As a condition of his probation, appellant was ordered to pay $5,742 in restitution to the victim’s mother, which was the total amount requested.
Appellant first argues his conviction should be reversed because the state was improperly allowed to impeach its own witness with a prior inconsistent statement. Any possible error in this regard was harmless because we find beyond a reasonable doubt that the verdict was not affected by any such error. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Appellant next argues that the amount of restitution awarded is improper. Appellant objects to awarding $500 in air fare to the victim’s brother to attend the trial when the brother was not a witness at the *690 trial. We agree that this expense was too remote to justify reimbursement. Ahnen v. State, 666 So.2d 855 (Fla. 2d DCA 1990); Watson v. State, 579 So.2d 900 (Fla. 4th DCA 1991); Cliburn v. State, 510 So.2d 1155 (Fla. 3d DCA 1987).
We affirm appellant’s convictions and reverse his sentences only to the extent that on remand the amount of $500 should be stricken from the award of restitution.
DANAHY, A.C.J., and HALL, J., concur.