636 So.2d 1367 (1994)
Gordon J. GLUESENKAMP, III, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2353.
District Court of Appeal of Florida, First District.
May 9, 1994.
Rehearing Denied June 16, 1994.
*1368 William E. Whitlock, III of Whitlock, Krause & McGill, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Giselle Lylen Rivera, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant, Gordon J. Gluesenkamp, III, appeals from an order awarding restitution. Appellant entered into a straight plea of no contest on charges of driving under the influence causing serious bodily injury and driving while his license was suspended or revoked. The trial court placed appellant on probation and required that appellant make restitution as a condition of probation in accordance with section 948.03, Florida Statutes. In addition to awarding restitution to the victim, the trial court awarded restitution to the victim's parents for travel, telephone and lost wages incurred and attendant upon the care of their child. Appellant argues that the trial court erred in awarding restitution to the victim's parents because the victim's parents do not fall within the definition of "victim" provided by section 775.089(1)(c), Florida Statutes (1991). We agree and reverse the award of restitution to the victim's parents.
Section 775.089(1)(a) provides that the court shall order the defendant to make restitution to the victim.[1] Section 775.089(1)(c), Florida Statutes (1991) provides:
The term "victim" as used in this section and in any provision of law relating to restitution includes the aggrieved party, the aggrieved party's estate if the aggrieved party is deceased, and the aggrieved party's next of kin if the aggrieved party is deceased as a result of the offense.
Family members do not fall within the statutory definition of "victim" unless the aggrieved party is deceased as a result of the offense. See Catoe v. State, 618 So.2d 784 (Fla. 5th DCA 1993) (families of rape victims, none of whom are deceased, are not encompassed within statutory language of section 775.089(1)(c)); Ocasio v. State, 586 So.2d 1177 (Fla. 4th DCA 1991) (mother of child victim is not a victim within the meaning of section of 775.089(1)(c) since the child is not deceased); Watson v. State, 579 So.2d 900 (Fla. 4th DCA 1991) (award of restitution to mother of victim for expenses other than child's medical and mental health costs improperly extended the definition of "aggrieved party").
The state argues that section 948.03(1)(e) does not preclude the payment of restitution to the parents as aggrieved parties.[2] The state's argument is without merit because the definition of "victim" as provided in section *1369 775.089(1)(c) applies "in any provision of law relating to restitution."
We reverse the award of restitution to the victim's parents. This cause is affirmed in all other respects.
AFFIRMED in part, REVERSED in part.
MINER, MICKLE and DAVIS, JJ., concur.
NOTES
[1] In 1984, the Legislature amended section 775.089 by providing that restitution be made to the "victim" as defined by section 775.089(1)(c). Prior to the 1984 amendments, section 775.089 provided that restitution be made to the "aggrieved party." The former statute did not provide a definition of "aggrieved party."
[2] The state cites Ballance v. State, 447 So.2d 974 (Fla. 1st DCA 1984) and Milton v. State, 453 So.2d 137 (Fla. 1st DCA 1984). The state's reliance on Ballance and Milton is misplaced since those cases involved the award of restitution to aggrieved parties other than the victim prior to the 1984 amendments to section 775.089, Florida Statutes.