GOSHORN, Judge.
James Williamson appeals the judgment and sentence imposed following his guilty plea to attempted sexual battery[1] and lewd and lascivious assault upon a child under the age of 16.[2] While we affirm the judgment, we reverse the sentence imposed in Count II and remand for resentencing either in accordance with Williamson’s plea agreement, or if the trial court does not sentence Williamson pursuant to the agreement, to permit him to withdraw his plea. See Hooks v. State, 613 So.2d 607 (Fla. 3d DCA 1993); see also Baldwin v. State, 558 So.2d 173 (Fla. 5th DCA 1990).
Williamson also argues that it was error to impose restitution for the victim’s parents’ or guardian’s counseling expenses. The state properly concedes error. See Gluesenkamp v. State, 636 So.2d 1367, 1368 (Fla. 1st DCA 1994) (“Family members do not fall within the statutory definition of ‘victim’ unless the aggrieved party is deceased as a result of the offense.”); Ocasio v. State, 586 So.2d 1177 (Fla. 4th DCA 1991) (holding that mother of child victim was not entitled to recover restitution for her own personal psychological injuries, vicariously suffered as result of child’s experience, because mother was not “victim” within meaning of statute providing for restitution as child was not deceased). Accordingly, we direct the trial court to delete that portion of the special condition of *851 probation mentioning the victim’s parents’ or guardian’s counseling costs. In all other respects, the sentence is affirmed.
REVERSED IN PART; AFFIRMED IN PART; REMANDED.
PETERSON, C.J., and SHARP, W., J., concur.

. §§ 777.04, 794.011(2), 794.011(1), Fla. Stat. (1995).

. § 800.04(3), Fla. Stat. (1995).