PER CURIAM.
Javon Graham was convicted of committing an armed robbery with a firearm[1] and grand theft.[2] The trial court entered a restitution order in the amount of $640. This amount represented $140 in actual damages sustained by the victim and $500 in lost wages to the victim. On appeal, Mr. Graham asserts that the award of lost wages was improper because the state failed to submit competent evidence regarding the victim’s claim for lost wages. We agree.
Lost wages may provide a basis for a restitution award. See § 775.089(2)(b), Fla. Stat. (1995). However, if the amount of the award is objected to, a defendant is entitled to receive a hearing to establish the amount by competent evidence. See Vanlieu v. State, 630 So.2d 1218 (Fla. 5th DCA 1994). Furthermore, when disputed, the state has the burden of demonstrating the amount of the loss sustained by the victim. See § 775.089(7), Fla. Stat. (1995); see also Lunsford v. State, 637 So.2d 348 (Fla. 5th DCA 1994).
Here, during the sentencing hearing, defense counsel agreed that $140 was the amount of actual damages sustained by the victim, but objected to the $500 claimed by the victim for lost wages. No documentation or evidence was presented by the state to support the claim for lost wages. Accordingly, we affirm Mr. Graham’s convictions and sentences but must vacate the portion of the restitution award relating to lost wages. We remand this cause to the trial court for further proceedings which may include a hearing to determine the amount of the victim’s lost wages.
*295 AFFIRMED in part; VACATED in part; and cause REMANDED.
COBB, PETERSON and ANTOON, JJ., concur.

. § 812.13, Fla. Stat. (1995).

. § 812.014, Fla. Stat. (1995).