GOSHORN, J.
Jason Mastrantoni appeals the restitution and probation portions of the sentence imposed following his pleas of no contest or *252 guilty to seventeen diverse counts arising from his involvement in a car theft.[1] He asserts that the court erred in imposing sums of restitution for certain items allegedly stolen and in pronouncing probation to run consecutively to sentences not yet imposed in pending cases. We affirm in part and reverse in part for the reasons discussed seria-tim.
Joyce Carson’s leased Saturn was stolen from her driveway. Carson testified that she had a contract to sell the 1994 Saturn for $14,000. An acquaintance had given Carson a $500 deposit and was going to pick the car up in four days. The car was stolen during that four-day period and damaged.
Carson testified that she was out-of-pocket $818.50 for car repairs. Further, her then 24-year-old Down’s syndrome son began having seizures the very night of the theft, apparently stemming from his observance of the theft. He was placed in counseling and has undergone medical testing, including brain scans, x-rays, and ultrasounds, to rule out a physical cause for this condition. Carson claimed $550 in expenses for this uninsured son. Carson also asserted that an expensive camera, camcorder, and two bags of golf clubs had been stolen. She explained that her family had returned from vacation several days before the incident and had not unloaded the car.
Defendant was ordered to pay a total of $7,820 in restitution.[2] The items he challenges are:
1. Repairs not covered on Saturn $ 818.50
2. Loss on pending sale of Saturn $1,800.00
3. Psychiatric care for 24-year-old Down’s syndrome son $ 550.00
4. Sony camcorder, battery and AC adapter $ 338.85
5. Bronica SQ with 80 mlAvaist level fínder/lens hood $1,282.50
6. Ladies’ and men’s golf clubs $1,172.32
We affirm the restitution order as to items 1, 4, 5, and 6 because no timely objection was made to the hearsay nature of the testimony related thereto and because, in several instances, nonhearsay evidence also supported the amounts awarded. We strike the restitution order insofar as it requires Defendant to pay for the loss on the sale of the Saturn because the loss on the failed sale is simply too speculative to allow recovery. See Stocks v. State, 687 So.2d 325 (Fla. 5th DCA 1997); Osteen v. State, 616 So.2d 1215 (Fla. 5th DCA 1993). Even assuming the loss was not speculative, there was a lack of competent evidence of Carson’s ability to sell the leased car.[3] We strike Carson’s claim for restitution for the cost of psychiatric care for her son because the son was not a victim as defined by the restitution statute, paragraph 775.089(l)(c), Florida Statutes. See Williamson v. State, 687 So.2d 850 (Fla. 5th DCA 1997) (error to impose restitution for victim’s parents’ or guardian’s counseling expenses); Gluesenkamp v. State, 636 So.2d 1367 (Fla. 1st DCA 1994) (“Family members do not fall within the statutory definition of “victim” unless the aggrieved party is deceased as a result of the offense.”).
In sentencing Defendant, the trial court ordered, over objection, that the probation in this ease follow any incarcerative terms that were imposed in cases currently pending against Defendant, writing, “Probation is stayed until defendant is released from the Orange County Jail or Department of Corrections including any future DOC sentence.” The State does not oppose the striking of that provision. Thus, the provision of the probation order requiring Defendant to serve his probation consecutively to a sentence not then imposed is stricken.
*253 AFFIRMED in part; REVERSED in part.
COBB and W. SHARP, JJ., concur.

. His charges included one or more counts each of burglary of a conveyance, fraudulent use of a credit card, forgery, uttering, petit theft, possession of flurazepam and cannabis, grand theft auto, and grand theft third-degree.

. Section 775.089, Florida Statutes provides that in addition to any punishment, the court shall order a defendant to compensate the victim for damages caused by the defendant's offense unless it finds clear and compelling reasons not to order such restitution.

.Defendant objected to any testimony regarding restitution for loss of the sale of the Saturn. He questioned how Carson could sell a leased car given the lease provision prohibiting a lessee from transferring the lessee's interest without prior written consent. Carson remained firm that she had the right to sell the car, but did not offer any evidence to support her claim, even in the face of the objection.