GREEN, Judge.
P.H., a juvenile, appeals the trial court’s order setting restitution in the amount of $640.98, which was based on damage claims arising out of a simple battery. We affirm in part and reverse in part.
We affirm, without comment, the restitution ordered by the trial judge regarding the battery victim’s damaged and lost property, as well as charges for Bayflight Ambulance Services incurred when the victim was transported to the hospital. However, the state concedes error that the victim’s mother’s claim for lost wages in the sum of $240 is not permitted under the statutory restitution definition of victim, and we agree.
Section 775.089(l)(c), Florida Statutes (1997), defines the term victim.
The term “victim” as used in this section and in any provision of law relating to restitution means each person who suffers property damage or loss, monetary expense, or physical injury or death as a direct or indirect result of the defendant’s offense or criminal episode, and also includes the victim’s estate if the victim is deceased, and the victim’s next of kin if the victim is deceased as a result of the offense.
§ 775.089(l)(c), Fla. Stat. (1997).
In Ocasio v. State, 586 So.2d 1177 (Fla. 4th DCA 1991), the court held that the mother of an attempted sexual assault child victim could not be awarded restitution for her own counseling required as the result of her daughter’s victimization because she did not meet the definition of a victim. In Gluesenkamp v. State, 636 So.2d 1367 (Fla. 1st DCA 1994), the defendant was convicted of DUI with serious bodily injury. The trial court awarded restitution to the victim’s parent’s for travel, telephone calls, and lost wages. The First District Court of Appeal reversed holding that the parents did not meet the statutory definition of victim since the victim was not deceased. See also Catoe v. State, 618 So.2d 784 (Fla. 5th DCA 1993) (holding restitution could not be awarded to nondeceased victim’s family members).
Based upon the statute, we hold that the award of restitution in favor of the mother of the victim for lost wages is erroneous. The mother is not a victim within the meaning of section 775.089(l)(c), Florida Statutes (1997). Although the state argues that a part of the mother’s claim in this case should be affirmed because she provided home nursing care to her daughter, this contention must fail because the expense was never attributed to the victim and the mother cannot make such a claim in her own right. We therefore affirm the order setting restitution in the amount of $400.98 but reverse the order as it applies to the victim’s mother’s lost wages in the sum of $240.
Affirmed in part; reversed in part.
BLUE, A.C.J., and STRINGER, J„ Concur.