BROWNING, J.
This is an appeal from an order granting restitution to the minor victim’s mother for the mother’s lost wages. Appellant relies on Gluesenkamp v. State, 636 So.2d 1367 (Fla. 1st DCA 1994), P.H. v. State, 774 So.2d 728 (Fla. 2d DCA 2000), and Ocasio v. State, 586 So.2d 1177 (Fla. 4th DCA 1991), all of which hold that the mother of a victim is not a “victim” for purposes of the restitution statute, section 775.089, Fla. Stat. We distinguish these cases and affirm the award of restitution.
Gluesenkamp and Ocasio both apply the pre-1994 version of the restitution statute, which defined “victim” as “the aggrieved party, the aggrieved party’s estate if the aggrieved party is deceased, and the aggrieved party’s next of kin if the aggrieved party is deceased as a result of the offense.” § 775.089(l)(c), Fla. Stat. (1993). The two cases explicitly hold, in accordance with that definition, that family members of a victim are not entitled to restitution unless the aggrieved party is deceased. P.H., although decided more recently, relies on the two older cases to reach its result.
The restitution statute was amended in 1994 to read, as it reads today,
The term “victim” as used in this section and in any provision of law relating to restitution means each person who suffers property damage or loss, monetary expense, or physical injury or death as a direct or indirect result of the defendant’s offense or criminal episode, and also includes the victim’s estate if the victim is deceased, and the victim’s next of kin if the victim is deceased as a result of the offense.
§ 775.089(1)(c), Fla. Stat. (2002). Under this definition, it is clear that a victim’s mother could be entitled to restitution if she suffered property damage or loss, monetary expense, or physical injury or death. In the instant case, there is evidence that the victim’s mother lost wages as a result of being unable to go to work because of the emotional turmoil caused by Appellant’s offense. Lost wages may be the basis for a restitution award. Graham v. State, 720 So.2d 294 (Fla. 5th DCA 1998); § 775.089(2), Fla. Stat. (2002). Thus, the victim’s mother is entitled to restitution under the applicable version of section 775.089, Florida Statutes, and competent substantial evidence supports such award.
AFFIRMED.
DAVIS and POLSTON, JJ., concur.