PARIENTE, J.,
concurring in part and dissenting in part.
The aim of the majority’s construction of the restitution statute is laudable. However, the statute’s expedited (compared to the civil justice system) method of making the victim whole falls short of authorizing a victim’s estate or next of kin to receive the victim’s lost future income.
The statutory requirement that a defendant “reimburse the victim for income lost by the victim as a result of the offense” does not, in my view, encompass this form of restitution. First, contrary to the majority’s view, the usual understanding of the term “reimburse” looks backward to losses already incurred, not forward to anticipated losses.[7] This is consistent with the way section 775.089 has always been applied in our courts. See, e.g., Glaubius v. State, 688 So.2d 913, 916 (FIa.1997) (approving award of restitution for victim’s investigative costs); Hollingsworth v. State, 835 So.2d 373, 374 (Fla. 1st DCA 2003) (approving restitution for wages lost by mother of victim during time she was too upset by crime to go to work).
Even if the term “reimburse” is construed to authorize restitution to a surviving victim for lost future income, the statutory language does not clearly authorize restitution for lost income to the next of kin of a deceased victim. Under some circumstances, restitution for lost future income would prove a windfall to the victim’s “next of kin,” who would not recover this element of damages under Florida’s Wrongful Death Act. Section 775.089(1)(c) specifies that “[t]he term ‘victim’ ... includes the victim’s estate if the victim is deceased, and the victim’s next of kin if the victim is deceased as a result of the offense.” The Wrongful Death Act authorizes damages for lost net accumulations, the product of future income, only to the decedent’s surviving spouse or lineal descendants, or to the surviving parent of an adult child. § 768.21(6), Fla. Stat. (2005). If the victim in this case had not been survived by a spouse or children, his parents would have been eligible to recover net accumulations under section 768.21(6)(b) as well as restitution for lost income as “next of kin” under the majority’s construction of section 775.089. However, had the victim also had no surviving parents, the majority’s view would direct restitution for lost future income to other estate beneficiaries such as siblings, who are ineligible to recover net accumulations under the Wrongful Death Act. I doubt that the Legislature intended this result.
Instead, the Legislature’s intent should be determined from the two subsections of *1237 section 775.089 that concern deceased victims: Subsection (1)(c) defines victim to include “the victim’s estate if the victim is deceased, and the victim’s next of kin if the victim is deceased as a result of the offense.” Subsection (2)(a)(4) authorizes restitution for funeral expenses “[i]n the case of an offense which resulted in bodily injury that also resulted in the death of a victim.” Often, funeral expenses are initially paid by a deceased’s next of kin — a spouse, adult child, parent, or sibling. Under Florida law, reimbursement for funeral expenses comes later from the victim’s estate, whose beneficiaries may not have paid the funeral expenses. See § 733.707(1)(b), Fla. Stat. (2005) (setting forth order of payment of estate’s obligations and including funeral expenses up to $6,000 “whether paid by a guardian, the personal representative, or any other person”); § 738.201(2)(c), Fla. Stat. (2005) (including funeral expenses among estate fiduciary’s obligation to pay from estate’s principal “all other disbursements made or incurred in connection with the settlement of a decedent’s estate”); see also Sinclair Refining Co. v. Butler, 190 So.2d 313, 319 (Fla.1965) (stating that in a survival action, “the right to recover reasonable funeral expenses vests in the personal representative of a decedent who has been killed by the tortious act of another; and where such funeral expenses have been paid by a surviving spouse or parent or other person, that person would of course be entitled to reimbursement from the personal representative”). It is reasonable to conclude that the Legislature recognized that a deceased’s next of kin rather than estate beneficiaries often cover funeral expenses in defining “victim” to include “next of kin” in the case of a death caused by the defendant’s crime. I discern no other reason for the distinction between the victim’s estate and next of kin in section 775.089(1)(c).
This separate treatment of estate and next of kin in the case of a deceased victim distinguishes section 775.089 from the federal restitution statute, 18 U.S.C. § 3663 (2000), which one court has construed as authorizing restitution for lost future income in homicide cases. See United States v. Visinaiz, 344 F.Supp.2d 1310, 1313 (D.Utah 2004), aff'd, 428 F.3d 1300 (10th Cir.2005), cert. denied, — U.S.-, 126 S.Ct. 1101, 163 L.Ed.2d 913 (2006); United States v. Bedonie, 317 F.Supp.2d 1285, 1305-1306 (D.Utah 2004), rev’d on other grounds sub nom. United States v. Serawop, 410 F.3d 656 (10th Cir.2005). The federal statute allows a victim’s family member, among others, to assume the rights of a minor, incompetent, incapacitated, or deceased victim, and then authorizes reimbursement for funeral expenses to whoever has assumed the victim’s rights. Florida, in contrast, specifically defines “victim” to include next of kin “if the victim is deceased as a result of the offense,” § 775.089(l)(c), making next of kin the sole available recipient of the restitution required by subsection (2)(a)(4) for funeral expenses “[i]n the case of an offense which resulted in bodily injury that also resulted in the death of a victim.” This is a distinction that reflects a legislatively intended difference.
From these observations I conclude that the Legislature intended that a defendant make restitution to the victim’s next of kin for funeral expenses of a victim who dies from physical injuries resulting from or related to the defendant’s criminal conduct, but not for the victim’s lost future income. Thus, the victim’s family can seek lost future income in a civil action, but not in a criminal proceeding pursuant to sec *1238 tion 775.089. Accordingly, I respectfully dissent.
Finally, in light of the majority’s decision, I agree with Justice Bell that the Legislature should reexamine whether the restitution statute is the proper means of making lost future income awards in homicide cases. Today’s holding has great potential to overstress criminal courts, whose primary focus is the fair and timely resolution of pending criminal cases. The federal statute reflects Congress’s recognition that elaborate restitution claims could bog down the criminal sentencing process:
To the extent that the court determines that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims, the court may decline to make such an order.
18 U.S.C. § 3663(a)(1)(B)(ii) (2000). Section 775.089(6)(a) requires trial courts to consider only the victim’s loss in deciding whether to award restitution and determine its amount, but gives the trial courts no discretion to consider the effect on the sentencing process. Overall, and particularly in the absence of this authority, the Wrongful Death Act is the fairer, more appropriate mechanism for resolving an estate’s claims of lost future income and net accumulations.
ANSTEAD and QUINCE, JJ., concur.

. Black’s Law Dictionary (8th ed. 1999) defines reimbursement as repayment or indemnification. Id. at 1312. Meniam-Webster's Collegiate Dictionary (10th ed. 1999) defines reimburse primarily as "to pay back to someone” and secondarily as "to make restoration or payment of an equivalent to.” Id. at 986.