CANADY, Judge.
O.H. appeals her juvenile adjudications and dispositions for battery, disrupting a school function, and resisting an officer without violence. We affirm her adjudications and dispositions without comment, but we reverse the original order of restitution.
O.H. was ordered to pay $102 in restitution for wages lost by the victim’s mother in attending and testifying at trial. On February 23, 2006, O.H. filed a motion to correct disposition error pursuant to Florida Rule of Juvenile Procedure 8.135(b)(2), which provides that a trial court shall file an order ruling on the motion within thirty days or the motion is deemed denied. The trial court granted the motion on April 19, 2006. Because the trial court did not rule on the motion within thirty days, the order granting the motion is a nullity. See E.J. v. State, 912 So.2d 382, 383 n. 1 (Fla. 2d DCA 2005) (noting that rule 8.135(b) is the juvenile version of Florida Rule of Criminal Procedure 3.800(b)); Jackson v. State, 793 So.2d 117, 118 (Fla. 2d DCA 2001) (holding that a trial court order that untimely rules on a rule 3.800(b) motion is a nullity). However, the trial court correctly determined that O.H. should not be ordered to pay restitution for the victim’s mother’s lost wages. See P.H. v. State, 774 So.2d 728, 729 (Fla. 2d DCA 2000); J.S. v. State, 717 So.2d 175, 176-77 (Fla. 4th DCA 1998); J.B. v. State, 646 So.2d 808, 808-09 (Fla. 1st DCA 1994). Therefore, we reverse O.H.’s original order of restitution and remand for the trial court to enter a corrected order of restitution.
Affirmed in part; reversed in part.
WHATLEY and STRINGER, JJ., Concur.