PER CURIAM.
The appellant’s juvenile disposition order which withheld adjudication of delinquency failed to specify the length of the appellant’s two terms of probation, including whether they are to be served consecutively or concurrently. The appellant was entitled to be informed of the length of her probation. See N.W. v. State, 767 So.2d 446 (Fla.2000); J.M.W. v. State, 935 So.2d 630 (Fla. 2d DCA 2006). Because the trial court did not file its order ruling on the appellant’s Florida Rule of Juvenile Procedure 8.135(b)(2) mo *1154 tion to clarify the disposition order until more than thirty days after the motion was filed, the amended final disposition order filed January 9, 2009, is a nullity. See D.D.M. v. State, 979 So.2d 1131 (Fla. 1st DCA 2008); O.H. v. State, 948 So.2d 79 (Fla. 2d DCA 2007). Thus, the disposition order is reversed and the case is remanded for entry of a corrected order.
ALLEN, WOLF, and DAVIS, JJ., concur.